Argued October 5, affirmed in part; reversed and remanded
in part December 17, 1973

STATE OF OREGON, *Respondent, v.* VIRGIL
LEE REED (No. C-72-12-3698 Cr), *Appellant.*

517 P2d 318

*J. Marvin Kuhn,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant appeals from convictions for criminal activity in drugs, ORS 167.207, and conspiracy to commit criminal activity in drugs, ORS 161.450, 167.207. The only significant question is whether separate convictions and concurrent sentences for both offenses were properly imposed.

An undercover policeman made a deal with defendant to purchase several thousand dollars' worth of heroin. The officer then went to a house in Portland where defendant apparently lived to accept delivery. Defendant stated the heroin "* * * will be here shortly. Shorty is going to get it." About 45 minutes later other police officers, stationed outside the house, saw Anderson Boyd enter it. The undercover officer inside the house then saw defendant join Boyd for a minute or two. Defendant then displayed the heroin to the officer. Supposedly to get money, the officer then went out to his car and signaled to the other police waiting outside. These other officers then executed a search warrant, seizing heroin from several places in the house, and arresting defendant and Boyd.

In the first count of a two-count indictment, de-

fendant and Boyd were charged with conspiracy to commit criminal activity in drugs, specifically, sale of heroin. In the second count defendant alone was charged with criminal activity in drugs, specifically, possession of heroin. In a separate indictment Boyd was charged with criminal activity in drugs, specifically, possession of heroin. At the motion of the state, both indictments were joined for trial.① A jury found both defendants guilty of both charges.

■ At this point a single conviction and sentence should have been imposed by the trial court. ORS 161.485 (3) provides:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

Simply stated, this statute prohibits imposing separate convictions and sentences for both a substantive crime and conspiracy to commit that same substantive crime.

■■ Possession and sale of narcotic or dangerous drugs are not separate substantive crimes. Instead, proof of possession of illegal drugs or proof of sale of the same drugs are but two of the various possible

---

① The trial court expressed doubts about the manner in which the state chose to frame the indictments. We share those doubts.

Defendant and Boyd could have been prosecuted on a simple "furnishing" heroin theory. As used in the drug statutes,

" 'Furnishes' means to sell, barter, exchange, give or dispose to another, or to offer or *agree* to do the same, and includes each such transaction made by any person, whether as principal, proprietor, *agent,* servant or employe." ORS 167.202 (3). (Emphasis supplied.)

Since furnishing heroin includes an agreement to sell, it may be that the legislature never intended the conspiracy laws to be applicable to the facts of this case. However, no such question is here raised.

ways to establish the single crime of criminal activity in drugs, ORS 167.207. *See, State v. Miller,* 14 Or App 396, 513 P2d 508 (1973). As the prosecutor's arguments in the trial court make clear, it was exactly the same heroin that defendant was charged with having possessed and having conspired to sell, all at the same time and in the same place. On these facts, under ORS 161.485 (3), only one conviction and sentence can be imposed.

■ On the other hand, proof of different acts at different times and places with different drugs may well establish more than one violation of ORS 167.207. *State v. Darroch/Valentine,* 8 Or App 32, 492 P2d 308 (1971), *aff'd* 264 Or 54, 504 P2d 84 (1972), *cert denied* 412 US 948 (1973); *State v. Patterson,* 14 Or App 554, 513 P2d 517 (1973). However, there was no such proof in this case.

■ ORS 161.485 (4) permitted both the conspiracy and substantive charges to go to the jury in this case. Once the jury returned two guilty verdicts, ORS 161.-485 (3) permitted only a single conviction and sentence. The statute is silent as to which charge should be the basis for imposing the one sentence. Reasoning by analogy to a *Woolard*[2] situation, we hold that when, as here, the possible sentences are identical,[3] the state is entitled to elect which charge will be the basis for the single conviction and sentence. *State v. Meyer,* 12 Or App 486, 507 P2d 824 (1973).

---

[2] State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971).

[3] When heroin is involved, criminal activity in drugs is a Class B felony punishable by up to ten years' imprisonment. ORS 167.207 (2), 161.605 (2). Conspiracy to commit acts that would be a Class B felony is also a Class B felony. ORS 161.450 (2) (b).

■ Defendant's first appointed attorney served written notice of intent to rely upon ORS 161.485 (3) as a defense. This first attorney was permitted to withdraw from the case. Defendant's second attorney, who represented him at trial, apparently did not pursue the ORS 161.485 (3) issue. Defendant's appellate counsel has made no contention concerning the applicability of ORS 161.485 (3). Nevertheless, we have reached this issue, believing it to be egregious error apparent on the face of the record within the scope of Rule 5.40 of the rules of this court.

■ Turning to the errors that are assigned on appeal, defendant contends that the search of his house and seizure of heroin from it were invalid because officers failed to comply with the knock-and-announce statute, ORS 133.290. This contention overlooks the Supreme Court's holding that violation of the statute is no basis for suppressing evidence. *State v. Darroch/ Valentine,* supra. Of course, there is also a constitutional knock-and-announce requirement, *State v. Gassner,* 6 Or App 452, 488 P2d 822 (1971), but defendant never referred to it in the trial court, and only obliquely refers to it in this court. But even if the constitutional issue were clearly raised, there is substantial evidence to support the trial court's conclusion that this case comes within well-recognized exceptions to the announcement requirement:

"THE COURT: * * * * *

"The circumstances justified the invasion by the police authorities, both for their own personal safety and also to prevent the destruction of evidence."

*State v. Mitchell,* 6 Or App 378, 487 P2d 1156, Sup Ct *review denied* (1971) ; *State v. Gassner,* supra.

Defendant next complains about the trial court's instructions defining the elements of a criminal conspiracy. At one point the court instructed in the applicable words of the conspiracy statute, ORS 161.450 (1):

> "A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony * * * be performed, he *agrees* with one or more persons to engage in or cause the performance of such conduct." (Emphasis supplied.)

At another point the court instructed:

> "It is not necessary, in proving a conspiracy, to show a meeting of the alleged conspirators, or the making of an *express or formal agreement* * * *." (Emphasis supplied.)

If the latter instruction meant that the jury could infer the existence of an agreement from the acts and conduct of the alleged conspirators, it was an accurate statement of the law. *See, State v. Ryan,* 47 Or 338, 82 P 703, 1 LRA (ns) 862 (1905). Or, if it meant that the agreement required need not be as formal as a written contract, it was an accurate statement of the law. *Cf., State v. Brewer,* 12 Or App 105, 504 P2d 1067 (1972), aff'd 267 Or 346, 517 P2d 264 (1973). However, we agree with defendant that stating no "express or formal agreement" need be proved—without any further definition of "express" or "formal"—introduces a risk of confusing the jury. The conspiracy statute requires proof of an agreement. That term is a simple and familiar concept, and would be sufficient by itself as a jury instruction without getting involved in the nuances of the various types of agreements. But we do not believe the complained-of instruction was potentially confusing to the point of requiring reversal.

■ Finally, defendant contends a comment in the prosecutor's closing argument was inflammatory, and that his motion for a mistrial should have been granted. The prosecutor said: "* * * heroin * *  is the curse of our society right now." We cannot say that the trial court abused its discretion in denying the mistrial motion. *See*, discussion in *State v. Gill*, 3 Or App 488, 474 P2d 23, Sup Ct *review denied* (1970).

One of the two convictions against defendant is affirmed. The other conviction is reversed, and this case is remanded for the state's election as to which conviction shall stand, and entry of a new judgment order reflecting one conviction and sentence.

Affirmed in part; reversed and remanded in part.