Argued October 30, affirmed in part; reversed and remanded in part December 17, 1973; petition for reconsideration denied January 16, petition for review denied March 5, 1974

STATE OF OREGON, *Respondent, v.* ANDERSON BEY BOYD, Jʀ. (Nos. C-72-12-3767 CR and C-72-12-3719 CR), *Appellant.*

517 P2d 321

*Charles R. Harvey,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Tanzer, Judges.

SCHWAB, C. J.

This is a companion case to *State v. Reed,* 15 Or App

593, 517 P2d 318 (1973). The present defendant was convicted in a joint trial of conspiring with Reed to commit criminal activity in drugs, ORS 161.450, 167.207, and criminal activity in drugs, ORS 167.207. The background facts are stated in the *Reed* opinion.

In *Reed* we held that ORS 161.485 (3) permitted only a single conviction and sentence for conspiring to sell heroin and possession of the same heroin at the same time and place. The facts of this case are slightly different, but not different enough to change that result.

When police officers executed a search warrant at Reed's house, they saw the present defendant throw something behind a couch he was sitting on. It proved to be heroin. The state's theory was that defendant was guilty of conspiracy to sell a larger quantity of heroin found elsewhere in the house, and guilty of possession of the smaller quantity found behind the couch.

■ The problem is how many different crimes or repeated violations of the same statute the state is permitted to carve out of one act or course of conduct. If a person possessed illegal drugs in two different rooms of his house, it seems obvious that this would constitute one crime, not two crimes. *Cf., State v. Welch,* 264 Or 388, 505 P2d 910 (1973). If a person were driving with two packages of illegal drugs, it seems obvious that this would constitute one crime, not the two crimes of possession and transportation. *See, State v. Miller,* 14 Or App 396, 513 P2d 508 (1973). These examples demonstrate: once the state proves a defendant has engaged in some prohibited conduct involving illegal drugs at a given time and place, the fact that the defendant also engaged in other prohibited conduct at the same time and place does not ordinarily amount

to a separate violation of ORS 167.207. Stated differently, the state cannot carve up the amount of drugs in a person's possession, claiming that some of the drugs were being illegally possessed, others were being illegally cultivated, others were being illegally transported, etc.

That is what the state is attempting to do here—carve up the total amount of illegal drugs seized at the time of defendant's arrest and claim defendant was conspiring to sell some of them and was possessing some of them. Under ORS 167.207, however, this evidence of different forms of prohibited conduct at the same time and place amounts to only one crime. *State v. Miller,* supra.

■ Since defendant's substantive crime included all prohibited conduct involving illegal drugs at a given time and place, ORS 161.485 (3) prohibits imposing separate convictions and sentences for both the substantive crime and conspiracy to commit one aspect of the substantive crime. *State v. Reed,* supra. The state is entitled to elect which crime will be the basis of a single conviction and sentence. *State v. Reed,* supra.

■ As in *Reed,* this ORS 161.485 (3) issue was not raised on appeal, but we have resolved it as egregious error apparent on the face of the record within the scope of Rule 5.40 of the rules of this court.

■ Turning to the errors that are assigned on appeal, defendant contends that there was insufficient evidence to connect him with any conspiracy to sell heroin, and that his motion for judgment of acquittal should have been granted. As stated in the *Reed* opinion, there was evidence from which the jury could have found that defendant picked up heroin and delivered it to Reed for final delivery to the purchaser. Also, there

was evidence that the undercover police officer had purchased small quantities of heroin from Reed during the week before the present raid and arrests, that the officer had paid for the heroin with marked bills, that one of the marked bills was found on the floor near defendant at the time of his arrest, and that defendant's pants pocket was inside out as it would be if he had just thrown money on the floor. The motion for judgment of acquittal was properly denied.

■ Defendant next challenges introduction of the "other crimes" evidence about the undercover officer's purchases of heroin from Reed during the week before the arrest of Reed and defendant. This evidence was admissible. An exception to the rule against introduction of evidence of other crimes permits such evidence to be used to prove the existence of a larger, continuing plan, scheme or conspiracy. *See,* McCormick, Evidence 448-49, § 190 (2d ed Cleary 1972).

■ Finally, defendant's appellate counsel complains at length that it was error to try defendant and Reed together. The simple answer is that both defendant and Reed, in response to questions from the trial court, expressly agreed to this procedure. This may have been, as appellate counsel seems to urge, a tactical mistake. But we review criminal cases for errors of law, not to correct tactical decisions that, with the benefit of hindsight, might have been mistakes.

One of the two convictions against defendant is affirmed. The other conviction is reversed, and this case is remanded for the state's election as to which conviction shall stand, and entry of a new judgment order reflecting one conviction and sentence.

Affirmed in part; reversed and remanded in part.