Argued December 17, 1974, affirmed January 14, reconsideration
denied February 20, petition for review denied March 11, 1975

STATE OF OREGON (No. 73 1477), *Respondent, v.*
MICHAEL FRANCIS HAYCRAFT, *Appellant.*

530.P2d 528

*Robert J. McCrea,* Eugene, argued the cause for appellant. With him on the brief were Mulder, Morrow & McCrea, P.C., Eugene.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

Defendant, having been convicted in circuit court of a felony, namely, conspiracy with others to furnish approximately 20 pounds of hashish to one Charles Williams, appeals, contending (1) that under *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), he was sub-

jected to double jeopardy, and (2) that the conviction was in violation of ORS 161.485 (3), which provides:

> "A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

For the reasons which follow, his appeal fails as to both contentions.[1]

Charles Williams, who was a police undercover agent, and an informant, one Taylor, made attempts to arrange the purchase of hashish through Michael and Leesa McCready and several other people, associates of the McCreadys. Finally, on the morning of April 8, Williams was informed by one of the McCreadys that the arrangements had been made for Williams to purchase 20 pounds of hashish for approximately $20,000 through one Mr. "X." Williams then went to the McCreadys' house and shortly thereafter the defendant, Haycraft, arrived and was introduced to Williams as Mr. "X." The arrangements were that Taylor, who was present with Williams, would go with Haycraft to get the hashish, at which point they, the defendant and Taylor, would call Williams at the McCready house and Williams would transfer the money to the McCreadys. Williams left the house for the ostensible purpose of obtaining the money. While he was gone he notified the police of the planned transaction and then returned to the McCready house. Taylor and Haycraft then left to pick up the hashish. Very shortly thereafter the police arrived and arrested everyone in the

---

[1] Defendant made numerous other assignments of error in his brief but abandoned them at oral argument.

house and arrested Haycraft a short distance away from the house. When the defendant was arrested, the police found a plastic baggie with a small amount of hashish (apparently less than one ounce) in it. The 20 pounds of hashish, which was the subject of the arrangement, was never recovered by the police and there is no evidence in the record as to where it was located and under whose. control it was, if it in fact even existed.

In addition to the conspiracy charge, defendant was charged in district court with violation of ORS 167.207, criminal activity in drugs, the evidence to support this charge being the hashish found on his person at the time of his arrest. Defendant was brought to trial on the conspiracy charge and found guilty. Sentencing was deferred pending a presentence investigation. While the presentence investigation was being conducted defendant was brought to trial on the district court charge. His motion to dismiss that charge on the ground of double jeopardy was denied and upon trial he was found guilty and sentenced to pay a fine of $100. He did not appeal this conviction. Subsequently, after the presentence report had been received by the circuit court, he was sentenced on the felony.

I

■ Defendant first moved to dismiss the felony charge on the basis of double jeopardy after he had been tried and convicted in the circuit court. The double jeopardy clause, however, does not attach at this stage of the proceedings.

ORS 131.505 (5) provides:

"A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instru-

ment filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty; or

"(b) Proceeds to the trial stage and the jury is impaneled and sworn; or

"(c) Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn."

As ORS 131.505 (5) indicates, a defendant is prosecuted for an offense as soon as the district attorney has proceeded to trial and the jury is impaneled. *State v. Brown,* supra, and ORS 131.515[2] prevent the defendant from being prosecuted twice for the same offense. In the present case, therefore, assuming for the sake of argument that the charges in the circuit court and the district court arose out of the same transaction, the double jeopardy clause would prevent the district attorney from prosecuting the defendant in the district court since defendant had already been prosecuted in the circuit court. There is no authority, however, preventing the district attorney from proceeding in the prosecution of

---

[2] "Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court.

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside." ORS 131.515.

the felony charge in the circuit court once the prosecution has begun.

■ Moreover, ORS 135.470 provides in part:

"(1) The court shall dismiss the accusatory instrument if, upon motion of the defendant, it appears, as a matter of law, that a former prosecution bars the prosecution for the offense charged.

"(2) The time of making the motion and its effect shall be as provided for a motion to set aside the indictment in ORS 135.520 and 135.530."

The motion must be made at the time of the arraignment or within 10 days thereafter, unless for good cause the court allows additional time. ORS 135.520. If the motion is not made within the required time period the defendant has waived his right to raise the double jeopardy claim. 21 Am Jur 2d 231, Criminal Law, § 165 (1965). In the present case, when defendant did not pursue his claim of double jeopardy in the district court by appeal he waived his right to raise the issue.

## II

■ ORS 161.485 (3) has no application to the facts in the case at bar. Defendant's reliance on *State v. Boyd,* 15 Or App 650, 517 P2d 321 (1973), Sup Ct *review denied* (1974), and *State v. Reed,* 15 Or App 593, 517 P2d 318 (1973), is misplaced. The testimony at the felony trial in no way connected the 20 pounds of hashish which was the subject of the conspiracy with the small amount found on his person at the time of his arrest. So far as the evidence was concerned, the 20 pounds of hashish was located in a different place, was to be transferred at a different time, and might well have been wholly under the con-

trol of some unknown person. In *State v. Reed,* supra, upon which the defendant relies, we noted:

"* * * As the prosecutor's arguments in the trial court make clear, it was exactly the same heroin that defendant was charged with having possessed and having conspired to sell, all at the same time and in the same place. On these facts, under ORS 161.485 (3), only one conviction and sentence can be imposed.

"On the other hand, proof of different acts at different times and places with different drugs may well establish more than one violation of ORS 167.207. *State v. Darroch/Valentine,* 8 Or App 32, 492 P2d 308 (1971), *aff'd* 264 Or 54, 504 P2d 84 (1972), *cert denied* 412 US 948 (1973); *State v. Patterson,* 14 Or App 554, 513 P2d 517 (1973). * * *" 15 Or App at 597.

Affirmed.