Argued January 17, affirmed February 10, reconsideration
denied March 19, petition for review denied April 8, 1975

# STATE OF OREGON (No. 21833), *Respondent, v.*
# LEONARD ORTEGA, *Appellant.*

531 P2d 756

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was found guilty as charged of the crimes of murder, ORS 163.115, and first degree robbery, ORS 164.415, and was sentenced to life imprisonment for the murder and 20 years for the crime of first degree robbery, the sentences to run consecutively He appeals, making two assignments of error. One deals with an instruction which he contends was erroneous; the second is that he was guilty of only one crime under *State v. Clipston,* 3 Or App 313, 473 P2d 682 (1970), or, alternatively, that under *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), he should have been sentenced for only one crime.

On the evening of May 24, 1974, the cashier in a grocery store was found dead on the floor of the store, having been shot through the back of the head. A substantial amount of cash, checks and food stamps had been taken. There was evidence that the defendant, armed with a shotgun, and two others entered the store in order to rob it and that the defendant entered with the intent both to rob the store and then

to kill the cashier so she could not sound an alarm or identify the robbers.

On the day the jury reached its verdict it commenced its deliberations at about 6 p.m. At about 10:40 p.m. the trial judge brought the jury into the courtroom and asked it how the deliberations were proceeding. The colloquy which ensued indicated that it stood eleven-to-one on the murder count, but did not indicate whether the majority was for a verdict of "guilty" or "not guilty." The judge then gave it an instruction[1] in accordance with the guidelines laid down in *State v. Marsh*, 260 Or 416, 490 P2d 491 (1971), *cert denied* 406 US 974 (1972). After he gave the instruction the trial judge asked the defense counsel whether he had any exceptions he wanted to take to the instruction. The trial counsel's response was that he excepted, but only on the ground that an additional instruction should probably not be given without the jury's requesting it.

---

[1] "THE COURT: I want to instruct the jury—I have before me an instruction that has been approved by the Supreme Court in cases where the juries are unable to arrive at a verdict, and then I'll ask you to retire again to further deliberate the matter. That instruction reads as follows: It is your duty as jurors to consult with one another and to deliberate with the view to reaching an agreement if you do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

"All right, with that instruction you folks may again retire to the jury room to further deliberate the matter. Thank you."

■■ Defendant concedes that the instruction was in the form approved in *Marsh,* but contends that such an instruction should not be given in a case where an unanimous verdict is required. Even if we assume that the exception was sufficient to preserve this assignment of error it avails defendant nothing. *Marsh* does not hold that the instruction it approved should not be given in cases requiring an unanimous verdict. It only said in effect that the instruction recommended by the American Bar Association (ABA) Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury 145-156, § 5.4 (Approved Draft 1968), is appropriate if appropriately modified for use in a jurisdiction not requiring unanimous verdicts in all cases. In fact, the cases from other jurisdictions approving the ABA instruction all arose in circumstances requiring unanimous verdicts. *United States v. Thomas,* 449 F2d 1177 (DC Cir 1971); *United States v. Fioravanti,* 412 F2d 407 (3rd Cir 1969); *United States v. Brown,* 411 F2d 930 (7th Cir 1969); *Fields v. State,* 487 P2d 831 (Alas 1971); *State v. Thomas,* 86 Ariz 161, 342 P2d 197 (1959); *State v. Randall,* 137 Mont 534, 353 P2d 1054, 100 ALR2d 171 (1960).

■ The defense made no objection to the imposition of the sentence for the crime of first degree robbery after the pronouncement of the defendant's mandatory life sentence for murder and we therefore do not consider this assignment. *State v. Webber,* 14 Or App 352, 513 P2d 496 (1973). We note, however, that the problem he seeks to raise is one of statutory and not constitutional dimensions, and that under the evidence in this case, *State v. Macomber,* 18 Or App 163, 524 P2d 574, Sup Ct *review denied* (1974), in-

volving arson and attempted murder, would appear to be dispositive of the issue. *See also, State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973).

Affirmed.