Argued May 28, affirmed in part, reversed in part June 23,
reconsideration denied July 30, appellants and respondent's
petitions for review pending

# STATE OF OREGON, *Respondent, v.*
# RICHARD HERNANDEZ MORALES
## (Nos. 74 4506 and 74 4507), *Appellant.*
### 537 P2d 109

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## SCHWAB, C. J.

■ Defendant was convicted and separately sentenced for criminal activity in drugs by transporting heroin and criminal activity in drugs by possessing heroin. The two charges involved the same drugs at the same time and place. *State v. Miller*, 14 Or App 396, 513 P2d 508 (1973), prohibits separate judgments of conviction and sentences on these facts.

The substantive standards governing whether separate judgments of conviction can be entered and sentences imposed for violating related statutes or repeated violations of the same statute have been often discussed by the Supreme Court and this court.[1] In the context of the prohibition against criminal activity in drugs, ORS 167.207, we have held:

"The problem is how many different crimes or repeated violations of the same statute the state is permitted to carve out of one act or course of conduct. If a person possessed illegal drugs in two different rooms of his house, it seems obvious that this would constitute one crime, not two crimes. *Cf., State v. Welch,* 264 Or 388, 505 P2d 910 (1973). If a person were driving with two packages of illegal drugs, it seems obvious that this would constitute one crime, not the two crimes of possession and transportation. *See, State v. Miller,* 14 Or App 396, 513 P2d 508 (1973). These examples demonstrate: once the state proves a defendant has engaged in some prohibited conduct involving illegal drugs at a given time and place, the fact that the defendant also engaged in other prohibited conduct at the same time and place does not ordinarily amount to a separate violation of ORS 167.207. Stated differently, the state cannot carve

[1] Doran v. State of Oregon, 270 Or 758, 529 P2d 928 (1974); State v. Welch, 264 Or 388, 505 P2d 910 (1973); State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971); State v. Webber, 14 Or App 352, 513 P2d 496 (1973); State v. Meyer, 12 Or App 486, 507 P2d 824 (1973); State v. Clipston, 3 Or App 313, 473 P2d 682 (1970).

up the amount of drugs in a person's possession, claiming that some of the drugs were being illegally possessed, others were being illegally cultivated, others were being illegally transported, etc.

"* * * Under ORS 167.207 * * * evidence of different forms of prohibited conduct at the same time and place amounts to only one crime * * *." *State v. Boyd,* 15 Or App 650, 652-53, 517 P2d 321 (1973), Sup Ct *review denied* (1974).

*See also, State v. Florance,* 15 Or App 118, 120, 515 P2d 195 (1973), *rev'd on other grounds,* 270 Or 169, 527 P2d 1202 (1974):

"Defendant was charged with * * * four counts of criminal activity in drugs, ORS 167.207, for possession of marihuana, Numorphan, MDA (alpha-methyl-3-4-methylenedioxyphenethylamine), and cocaine. A jury found him not guilty of * * * possession of marihuana, and guilty of the other three counts of criminal activity in drugs. The trial judge entered a single conviction and imposed a single sentence.① * * *

"* * * * *

"① While the question has not been argued, it would appear that the trial judge was correct in treating the simultaneous posssession of three different drugs as one, not three, violations of the prohibition against criminal activity in drugs, ORS 167.207. *See,* State v. Miller, 14 Or App 396, 513 P2d 508 (1973)."

*Cf., State v. Reed,* 15 Or App 593, 517 P2d 318 (1973); *State v. Patterson,* 14 Or App 554, 513 P2d 517 (1973), Sup Ct *review denied* (1974).

There is no quarrel in this case with these substantive standards. Instead, the question is the proper procedures to implement them. At sentencing the trial court explained what it perceived to be the problems:

"THE COURT: What's the Court supposed to do with the other charge, the other conviction?

"MR. HONSOWETZ: Well, in State vs. Roach [99 Adv Sh 1953, 19 Or App 148, 526 P2d 1402 (1974), *aff'd* 75 Adv Sh 1477, 271 Or 764, 534 P2d 508 (1975)], they ——

"THE COURT: They said 'reverse the conviction,' didn't they?

"* * * * *

"THE COURT: * * * Let's say that I follow your reasoning and I say, 'All right. Conviction in Case No. 74-4507 is reversed.' Do we have another trial on it?

"MR. HONSOWETZ: No, I don't think so. I think that's only ——

"THE COURT: Do we dismiss it, then?

"* * * * *

"THE COURT: In regard to this matter, the status of the law is such that it is impossible for this Court to understand the procedure that should be followed in cases of this type * * *.

"* * * I am unable to tell whether the conviction should be vacated, or whether they should be reversed. If they are reversed what happens to them? What happens to them at the trial court level. What are we supposed to do at the other trial?

"If you sentence on one and you reverse or vacate the other one, and that one gets overturned on appeal and dismissed, what's the impact on the other one, and as long as this is the status of the law — I have tried to understand this, and I have been unable to understand this. So, until such time as I receive the guidance that I need, it's simply going to be a matter that will have to be decided by the appellate courts because, very strangely, I do not understand it."

We gather from the trial court's comments two primary concerns: (1) exactly what disposition should be made of charges upon which the law does

not permit entry of an additional judgment of conviction and imposition of a separate sentence?; and (2) what is the status of such charges if the judgment entered on one charge is reversed on appeal?

■■ ■ The starting point in simplifying matters is with the prosecutors, not the courts. As we have often pointed out, criminal activity in drugs is a single crime that can be proven in a variety of ways. *State v. Miller,* supra; *State v. Shadley/Spencer/-Rowe,* 16 Or App 113, 122, 517 P2d 324 (1973). In this kind of situation, ORS 132.560(1) provides "[w]here the crime may be committed by * * * different means, the indictment may allege the means in the alternative." Under this statute, the state should have framed the indictment in this case to allege a single charge of criminal activity in drugs committed by alternative means.

■■ However, when, as here, the state frames the indictment as if two separate crimes were involved, and when, as here, judgment cannot properly be entered for transporting and possessing heroin, what is the proper way to express the disposition of all charges as required by *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975)? Part of the answer is furnished by a careful definition of the term "conviction." This term has a variety of meanings in different contexts.[2] In the present context, when we say that two convictions are not permitted, we mean that the trial court cannot enter two separate *judgments* of conviction. And it automatically follows that the trial court cannot impose two separate sentences because in criminal cases "sentence is ordinarily synonymous with judgment." 21 Am Jur2d 509, Criminal Law § 525; *see,* ORS 137.-010(1) and 137.020(1). A conviction, thus defined,

---

[2] *See,* State v. Cartwright, 246 Or 120, 418 P2d 822 (1966), *cert denied* 386 US 937 (1967); State v. Glenn, 245 Or 70, 420 P2d 60 (1966); State v. Hoffman, 236 Or 98, 385 P2d 741 (1963).

should not be confused with a *verdict*. "After a * * * verdict of guilty * * * the court shall appoint a time for pronouncing judgment." ORS 137.-020(1). Thus, when the trial court, at sentencing, commented, "I am unable to tell whether the conviction should be vacated, or whether * * * [it] should be reversed," the court was obviously confusing "conviction" and "verdict," because, no judgment having yet been entered, there was no conviction to either "reverse" or "vacate."

At sentencing the state took the position that if separate judgments and sentences were not legally possible, it elected to have sentence imposed for criminal activity in drugs by transportation (CAD-transportation) rather than criminal activity in drugs by possession (CAD-possession). There were no magic words needed to reflect the disposition of the CAD-possession charge. It would have been permissible for the trial court to recite that the CAD-possession charge "merged" with the CAD-transportation charge, although arguably this might technically be a misuse of the term "merged." *See, State v. Clipston,* supra. Or it would have been permissible for the trial court to recite something like the following:

"Defendant, having been found guilty of CAD-possession and CAD-transportation, and it appearing to the court that the law does not permit entry of separate judgments of conviction and sentences on CAD-possession and CAD-transportation in this case, and the crimes carrying equal penalties, and the state having elected that judgment be entered and sentence imposed on CAD-transportation;

Therefore, the charge of CAD-possession is dismissed.", concluding with the statement of the court's sentence on the charge of CAD-transportation.

The trial court's second concern can be stated

as follows: (1) suppose a judgment recited conviction and sentence for CAD-transportation; (2) suppose the judgment also recited the additional charge of CAD-possession merged or was dismissed; and (3) suppose the CAD-transportation judgment of conviction was reversed on appeal. What would then be that status of the CAD-possession charge?

■■ When a judgment is reversed on appeal, all actions of the trial court reflected in that judgment are nullified. Therefore, if the trial court held CAD-possession merged with CAD-transportation, and if CAD-transportation was reversed on appeal, it would then be possible to retry CAD-possession.

An additional point raised by defendant on appeal does not warrant discussion.

Judgment of conviction and sentence for CAD-transportation affirmed; judgment of conviction and sentence for CAD-possession reversed.