Argued July 28, reversed August 11, reconsideration denied
September 4, petition for review denied September 30, 1975

## STATE OF OREGON, *Respondent*, *v.*
## RICHARD LAVERNE HOMER (No. 8654),
*Appellant.*

538 P2d 945

*Richard L. Barron,* Coos Bay, argued the cause for appellant. With him on the brief were Bedingfield and Joelson, Coos Bay.

No appearance by respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

## THORNTON, J.

Defendant was convicted of criminal activity in drugs by possession of amphetamine. ORS 167.207. He appeals contending that the trial court erred (1)

in denying his motion to dismiss the indictment and motion to set aside the conviction, and (2) in denying his motion to suppress and supplemental motion to suppress the evidence seized by the police.

Defendant, while driving his car in Coos Bay on December 15, 1974, was halted by police, after he had apparently brought the car to a momentary halt at a traffic light which was on "green." In the course of checking the glove compartment the officer discovered a baggie containing less than an ounce of marihuana and also a small quantity of white powder which proved to be amphetamine.

On December 16 a complaint was filed in district court charging him with criminal activity in drugs, to wit, possession of less than one ounce of marihuana.

Also, on the same date the police mailed the white powder to the crime laboratory for analysis. The analysis, which was received by the local district attorney on December 27, stated that the powder was amphetamine.

On December 30 the defendant appeared in district court and entered a plea of guilty to the offense of criminal activity in drugs, to wit, possession of less than one ounce of marihuana.

On January 3, 1975, the district attorney prepared an information charging defendant with criminal activity in drugs, possession of amphetamine. On the same date defendant was sentenced on the first charge and also was arrested on the second charge.

The main thrust of defendant's argument on his first assignment is that his motion to dismiss the second charge should have been allowed for the reason that a person cannot be twice convicted for the offense of criminal activity in drugs where the drugs

he was convicted of possessing were possessed at the same time and place, citing *State v. Miller,* 14 Or App 396, 513 P2d 508 (1973).

In *Miller* defendant was carrying a narcotic drug in an auto. The state charged him in one count with unlawful transportation of the drug and in a second count with unlawful possession of the same drug. We held that defendant was guilty of only one crime, and not two, on the theory that he was both possessing and transporting the same drug. In the case at bar the defendant was charged with possessing two separate and different drugs, marihuana and amphetamine. While *Miller* is thus distinguishable on the facts, we conclude that the same underlying principle is applicable here.

A similar issue was noted and discussed briefly by this court in *State v. Florance,* 15 Or App 118, 120, 515 P2d 195 (1973), *reversed on other grounds* 270 Or 169, 527 P2d 1202 (1974), and again in *State v. Morales,* 21 Or App 827, 537 P2d 109 (1975). In *Florance* the defendant was charged in separate counts under ORS 167.207 with the simultaneous possession of four different kinds of narcotic and dangerous drugs. The jury found defendant guilty of possessing three different kinds of drugs. The trial judge, however, entered a single conviction and imposed a single sentence. In noting this issue this court there said:

> "While the question has not been argued, it would appear that the trial judge was correct in treating the simultaneous possession of three different drugs as one, not three, violations of the prohibition against criminal activity in drugs, ORS 167.207. *See,* State v. Miller, 14 Or App 396, 513 P2d 508 (1973)." 15 Or App at 120, n 1.

The above language was quoted with approval in *Morales,* where we held that separate judgments of conviction and sentence could not be entered where de-

fendant was convicted of criminal activity in drugs by (1) transporting and (2) possessing the same heroin.

We therefore conclude that the foregoing constituted but one offense. *State v. Clark,* 46 Or 140, 80 P 101 (1905); *State v. Morales, State v. Florance, State v. Miller,* all supra. Defendant should not have been tried and convicted on the second charge of possession of amphetamine, and the trial court erred in denying defendant's motion to dismiss the indictment on that charge. Oregon Constitution, Art I, § 12;[1] ORS 131.515(1).[2] *See, State v. Haycraft,* 20 Or App 28, 32, 530 P2d 528, Sup Ct *review denied* (1975).

Accordingly we need not consider defendant's second assignment of error.

Finally, the decision in this case of the district attorney not to file a brief in behalf of the state has deprived us of the benefit of any research or argument other than that of the defendant. While we recognize that there are instances in which a brief may serve no useful purpose, this is not such a case. We trust that in similar situations in the future this court will have the benefit of the state's arguments and views.

Reversed.

---

[1] Art I, § 12, Oregon Constitution, provides:

"No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself."

[2] ORS 131.515(1) provides:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense."