Argued November 17, affirmed December 15, 1975, reconsideration
denied January 21, petition for review denied February 10, 1976

STATE OF OREGON, *Respondent, v.* ROBERT
MALEN TETERS (No. 74 1462), (CA 4715),
*Appellant.*
543 P2d 302

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

The substantive question raised by defendant's denied motion in arrest of judgment in the trial below and on this appeal is whether, where a person "furnishes" illegal drugs (one of the acts constituting the crime of "criminal activity in drugs") in violation of ORS 167.207(1), he can validly be charged with conspiracy to commit the same crime. There is no need to detail the evidence. It was more than sufficient to allow the jury to infer both an active agreement among defendant and others to commit the crime and the commission of the crime itself, but he was charged only with the conspiracy.

The facts are similar to those in *State v. Reed,* 15 Or App 593, 517 P2d 318 (1973). In that case the

indictment charged criminal activity in drugs by "furnishing" and conspiracy to commit the same crime. There this court said that "ORS 161.485(4) permitted both the conspiracy and substantive charges to go to the jury in this case. Once the jury returned two guilty verdicts, ORS 161.485(3) permitted only a single conviction and sentence * * *." 15 Or App at 597. ORS 161.485 provides:

"(1) It is no defense to a prosecution under ORS 161.405, 161.435 or 161.450 that the offense the defendant either attempted to commit, solicited to commit or conspired to commit was actually committed pursuant to such attempt, solicitation or conspiracy.

"(2) A person shall not be convicted of more than one offense defined by ORS 161.405, 161.435 and 161.450 for conduct designed to commit or to culminate in commission of the same crime.

"(3) A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense.

"(4) Nothing in this section shall be construed to bar inclusion of multiple counts charging violation of the substantive crime and ORS 161.405, 161.435 and 161.450 in a single indictment or information, provided the penal conviction is consistent with subsections (2) and (3) of this section."

The defendant's claim of invalidity of the conspiracy charge at bar is based on a different ground than that pressed in *Reed*. Here, defendant argues that, because under ORS 167.207(2) "criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor * * *," *and a misdemeanor judgment is not possible under the conspiracy ver-*

*dict* (referring to ORS 161.450(2)(b)), the equal protection rule of *State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955), is violated. We said in *State v. Dumont,* 3 Or App 189, 192-93, 471 P2d 847 (1970), that, simply stated, *Pirkey* holds

"* * * former ORS 165.225 unconstitutional because it gave to a grand jury or a magistrate the arbitrary power to determine whether or not the issuer of an NSF check should be prosecuted for a misdemeanor or a felony * * *."

Defendant's argument is based upon a premise with which we do not agree, and for that reason *Pirkey* is not applicable here. We construe the applicable statutes as providing that *a Class A misdemeanor judgment as well as a Class B felony judgment is possible under the conspiracy charge and guilty verdict.* While it is true that ORS 161.450(2)(b), relied upon by defendant, provides that criminal conspiracy is a "Class B felony if an object of the conspiracy is commission of a Class B felony," Paragraph (d) thereof, which defendant overlooks in his argument, provides that criminal conspiracy also is a "Class A misdemeanor if an object of the conspiracy is commission of a Class A misdemeanor."

Inasmuch as the court can treat the same act of criminal activity in drugs under ORS 167.207(2) either as a Class B felony or (under the criteria of ORS 161.705) as a Class A misdemeanor, it can do the same under a conviction for conspiracy to commit the same crime (using the same criteria) under ORS 161.-450(2)(b) and (d). Thus, if the trial judge believes a sentence for a misdemeanor sufficiently serves the circumstances, he may impose such sentence regardless of whether the indictment charges the substantive offense, a conspiracy, or both. We find nothing to indicate the legislature intended otherwise. Of course, if the circumstances parallel those in *Reed,* only one

judgment, that is, sentence, for the same act or transaction may be entered.

■ We have not overlooked our language in *State v. Reed,* supra, 15 Or App at 596, n 1, where we said:

> "* * * Since furnishing heroin includes an agreement to sell, it may be that the legislature never intended the conspiracy laws to be applicable to the facts of this case. However, no such question is here raised."

At bar, the defendant has raised the point mentioned in the first sentence of this quotation, in addition to his argument based on *Pirkey.* Our construction of the applicable statutes, supra, gives effect to all of them, as we must if we logically can; hence, the doubt expressed in the above-quoted language from the note in *Reed* and in this point of defendant's argument is avoided.

The trial judge made it clear at the time of sentencing that he intended to sentence for a felony.

Affirmed.