Argued February 24, affirmed in part, reversed in part and remanded with instructions March 22, reconsideration denied April 28, petition for review denied June 15, 1976

STATE OF OREGON, *Respondent,*

*v.*

JAMES LEE GILL, *Appellant.*

(No. C75-04-1202 Cr., CA 5351)

547 P2d 166

*Dennis H. Elliott,* Portland, argued the cause for appellant. On the brief were Kevin P. O'Connell and O'Connell, Goyak & Haugh, P.C., Portland.

*Kevin L. Mannix,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant was indicted, tried to the court after jury waiver, and convicted on three separate counts of Criminal Activity in Drugs, involving unlawful possession respectively of heroin, cocaine and marihuana. ORS 167.207. He received sentences of ten years on each count, each to run consecutively to its predecessor. Execution of sentence on each count was then suspended for five years and defendant was placed on five years' probation on each. He appeals, asserting error in denial of a motion to suppress evidence, and also in the imposition of three separate sentences.

■ Pursuant to a warrant the police searched defendant's premises, found the three drugs above, seized them and arrested the defendant. Defendant contends that the warrant was issued without probable cause and filed motions both to suppress and to controvert. The testimony presented did not controvert the allegations of the affidavit and on its face the affidavit clearly furnished probable cause for the issuance of the warrant. *State v. Willis,* 24 Or App 409, 545 P2d 1392 (1976).

■ We turn to the second assignment relating to imposition of three sentences for simultaneous possession in the same place of three separate drugs. We agree that but one sentence could be imposed. The indictment charged in each count that possession of each of the prohibited drugs was part of one and the same transaction. The offense occurred at the same time in the same place and only the defendant was charged with Criminal Activity in Drugs. This case is governed by the holdings developed in and from *State v. Welch,* 264 Or 388, 505 P2d 910 (1973); *State v. Florance,* 15 Or App 118, 515 P2d 195 (1973), *rev'd on other grounds* 270 Or 169, 527 P2d 1202 (1974), *State v. Estlick,* 24 Or App 117, 544 P2d 596 (1976); *State v. Homer,* 22 Or App 328, 538 P2d 945, Sup Ct *review denied* (1975); *State v. Morales,* 21 Or App 827, 537 P2d 109, *former opinion adhered to,* 22 Or App 470,

539 P2d 1112, Sup Ct *review denied* (1975); *State v. Boyd,* 15 Or App 650, 517 P2d 321 (1973), Sup Ct *review denied* (1974); *State v. Miller,* 14 Or App 396, 513 P2d 508 (1973); *State v. Dechand,* 13 Or App 530, 511 P2d 430 (1973). Recently in *State v. Homer,* supra, a case where in the search of a car a defendant was found in possession of two separate prohibited drugs in the glove compartment, we concluded that although convicted of possession of each, he could be sentenced for only one. If follows then that in this case the judgment must be reversed and the case remanded to the trial court for the modification of its sentence to provide for only one penalty. *State v. Welch,* supra, 264 Or at 395.

Affirmed in part, reversed in part, and remanded with instructions.