Argued March 16, reversed and remanded April 5, reconsideration denied May 26, petition for review denied June 22, 1976

STATE OF OREGON, *Respondent,*

*v.*

PAUL MICHAEL ALLEN, *Appellant.*

(No. 17-309, CA-5176)

548 P2d 169

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

At the conclusion of a single trial, defendant was separately convicted and sentenced for possession of two different illegal drugs (hashish and LSD) at the same time and place. As we have repeatedly held, defendant's conduct constitutes only one, not two crimes. *State v. Gill,* 24 Or App 863, 547 P2d 166 (March 22, 1976); *State v. Estlick,* 24 Or App 117, 544 P2d 596 (1976); *State v. Homer,* 22 Or App 328, 538 P2d 945, Sup Ct *review denied* (1975); *State v. Morales,* 21 Or App 827, 537 P2d 109, *former opinion adhered to,* 22 Or App 470, 539 P2d 1112, Sup Ct *review denied* (1975); *State v. Boyd,* 15 Or App 650, 517 P2d 321 (1973), Sup Ct *review denied* (1974); *State v. Miller,* 14 Or App 396, 513 P2d 508 (1973).

The state notes that the question is one of legislative intent—whether the Legislative Assembly in enacting ORS 167.207 intended that a defendant with hashish in one pocket and LSD in the other be guilty of and punished for two counts of criminal activity in drugs. But then the state cites nothing at all germane to its theory about legislative intent. We adhere to our prior interpretation of ORS 167.207.

We have considered the issue raised by defendant on appeal even though it was not raised in the trial court. In a closely related context, *State v. Webber,* 14 Or App 352, 513 P2d 496 (1973), holds an objection must be made in the trial court to preserve the issue for appeal. The doctrine we here apply is now sufficiently well established that it is appropriate to extend *Webber* and decline to consider this issue in future cases where there was no objection in the trial court.

Reversed and remanded.