Argued August 19, affirmed September 13, reconsideration denied October 20, petition for review denied November 16, 1976

STATE OF OREGON, *Respondent,*

*v.*

ERNEST GLEN BIRCHFIELD,
*Appellant.*

(No. C 75-02-0519 Cr, CA 5880)

554 P2d 563

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant seeks reversal of his conviction for theft in the first degree on the ground that the trial court erroneously allowed the prosecution to introduce evidence of a separate criminal scheme to rebut defendant's alibi witness. Defendant concedes that the evidence presented on rebuttal could have been introduced as part of the state's case-in-chief to show identity and *modus operandi* but contends that *State of Oregon v. Hunsaker,* 16 Or 497, 19 P 605 (1888), and *State v. Minnick,* 54 Or 86, 102 P 605 (1909), preclude its introduction in rebuttal.

Defendant was tried for the theft of $1,400 from an undercover police officer on July 2, 1974. It was alleged that defendant offered to sell stolen television sets to the officer and the officer gave the defendant $1,400 in accordance with an agreement whereby the defendant was to procure the television sets at the Montgomery Ward store in Portland, Oregon. The defendant and the police officer went to Montgomery Ward together and the officer was told to wait in the shipping department while defendant went to pay for the merchandise. Defendant fled, eluding the pursuit of the officer.

In the state's case-in-chief, the prosecuting attorney offered to put two witnesses on the stand to testify to a similar scheme participated in by defendant on the same day as the incident for which defendant was charged. The trial judge ascertained that the defendant intended to call alibi witnesses and decided to defer the evidence of the separate scheme for rebuttal. Defendant offered three witnesses who testified that defendant was in Lovelock, Nevada, on July 2, 1974. The state then put on the testimony of two witnesses who placed defendant in Portland on July 2, 1974, and testified to the circumstances surrounding their identification. The circumstances involved a similar, though uncompleted, scheme as that charged. It is this evidence to which defendant objects.

The general rule that in a criminal case the state

[ 751 ]

may not, without leave of the court, withhold a part of its evidence-in-chief and then introduce it in rebuttal after the defendant has rested was announced in *State of Oregon v. Hunsaker, supra,* and reiterated in *State v. Minnick, supra.* Both cases involved cumulative evidence which was not properly rebuttal. In *Minnick,* it was emphasized that:

> "* * * We do not hold that the State may not, in a proper case and by leave of the court, obtained for that purpose, reopen its case and introduce evidence in chief, even after defendant has rested his case * * *." 54 Or at 95.

While it is true that permission to separate the state's case into parts and allow a portion to be presented in chief and another in rebuttal should not be granted arbitrarily, *State v. Evans,* 98 Or 214, 235, 192 P 1062, 193 P 927 (1920), it is within the discretion of the trial court to allow the introduction of rebuttal testimony which becomes relevant in rebuttal even though it may have been used in the case-in-chief. *State v. Fischer,* 232 Or 558, 563, 376 P2d 418 (1962). In this case the rebuttal testimony was obviously relevant to the alibi defense. The trial court acted within its discretion.

Affirmed.