*[699] SCHWAB, C. J.,
dissenting.
I would reverse and remand for a new trial on the ground that the identification evidence should have been suppressed. After developing that point, I will briefly note my disagreement with the majority’s treatment of one other issue: instructions-on-identification evidence and the sentencing problem
The majority correctly states the constitutional rules governing the admissibility of identification evidence. Those rules may be ephemeral, but they are the United States Supreme Court’s last word on the subject. The problem lies not in stating the rules, but in applying them, as has been true before. See, State v. McBain, 30 Or App 1055, 569 P2d 630 (1977); State v. Bush, 29 Or App 315, 563 P2d 747 (1977); State v. McBain, 24 Or App 737, 547 P2d 188, Sup Ct review denied (1976).
We can be guided, however, in applying vague rules by prior applications of those same rules. The first McBain case, 24 Or App 737, held identification evidence inadmissible when: (1) it was likely that the rape victim’s degree of attention was extremely high — to the point of engraving a memory picture on her mind; and (2) only a few days passed between the crime and the photographic display. Likewise, Bush was a sex offense case in which the victim’s degree of attention was probably high and in which the victim was shown an array of photographs immediately after the crime, but in which we held the identification evidence was inadmissible.
Assuming McBain and Bush were correctly decided, as the majority apparently does, this case even more clearly requires suppression of the identification evidence. Here the victim was relatively inattentive — she did not even know a crime was being committed — compared to the sex crime victims in McBain and Bush. Here the length of time between the crime and the photographic display was seven months, rather *[700] than the matter of hours or a few days involved in McBain and Bush.
Moreover, applying the accuracy-of-the-description and level-of-certainty tests to this record is a real challenge because there are so many versions of the relevant facts. A police officer’s report, written shortly after the crime was discovered, states the victim described the white burglar as five feet, four inches tall, of slender build and weighing 150 pounds. In fact, defendant is six feet tall and weighs over 200 pounds. The victim presented three different versions of the description she gave the officer and of the identification process: One at the suppression hearing, another at the original trial that was aborted and yet another at the susequent trial that leads to this appeal.
When the victim selected defendant’s picture from the throwdown seven months after the crime, her level of certainty was not high. First she could not choose between two pictures of men she thought looked like twins. She finally selected defendant’s picture but consistently expressed doubts because her memory of the style of the white burglar’s facial hair was different than what was portrayed in defendant’s picture.
"Against [the above-discussed] factors is to be weighed the corrupting effect of the suggestive identification itself.” Manson v. Brathwaite, 432 US 98, 97 S Ct 2243, 53 L Ed 2d 140, 154 (1977). As the majority seems to acknowledge, the photographic display in this case was highly suggestive. The victim was told that the white burglar’s picture was among the group of seven she was shown. Only one of the photographs — that of the defendant — showed a man with a beard. As I interpret the record, the victim had a fixation about the white burglar’s beard. Under these circumstances, I do not find it surprising that the victim selected defendant’s picture. Therefore, I conclude that there was a substantial danger of misidentification and that the identification evidence was not sufficiently reliable to be admissible. Indeed, I regard the *[701] reliability of the evidence to be substantially less in this case than it was in McBain and Bush.
In considering the multiple-convictions and sentences issues, the majority cites State v. Webber, 14 Or App 352, 513 P2d 496 (1973), which requires the issue to be raised in the trial court in order to be preserved on appeal, but then proceeds to disregard that rule. This court has previously applied the Webberrule, e.g., State v. Ortega, 20 Or App 345, 531 P2d 756, Sup Ct review denied (1975), and extended it to related situations, e.g., State v. Allen, 25 Or App 57, 548 P2d 169, Sup Ct review denied(1976). Webber, Ortega and Allen should either be followed, or distinguished or overruled; they should not be ignored.
As for whether this problem is egregious error apparent on the face of the record, our rules had the same provision in them when Webber, Ortega and Allen were decided. Since our court rules have been consistent, I cannot understand the inconsistency between our prior approach and the majority’s approach today.
In any event, I do not think it is necessary to reach the cautionary-instruction or multiple-convictions issues. I would reverse on the ground that the identification evidence was inadmissible. I, therefore, respectfully dissent.