Argued October 19, affirmed December 26, 1978, reconsideration denied
February 13, petition for review allowed May 30, 1979

STATE OF OREGON, *Respondent,*
*v.*
WILLIE BYRD HARRIS, *Appellant.*
(No. C77 11 16147, CA 10825)

588 P2d 100

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted by a jury of sexual abuse, kidnapping in the second degree, three counts of sodomy in the first degree, menacing and being an ex-convict in possession of a firearm capable of being concealed on his person. He appeals, contending, first, that the trial court erred in denying a motion for mistrial; second, that the sexual abuse charge should be merged with the sodomy charges; and third, that the ex-convict in possession and menacing charges should be merged with the kidnapping charge. We affirm.

All the charges arose out of a course of conduct which began when defendant on November 16, 1977, enticed an 11-year-old boy into his automobile. Part of the state's case involved testimony by a gas station attendant who witnessed defendant and the boy together at the gas station. In the state's case-in-chief, the witness testified that he remembered defendant because of the conversation, because defendant had a child with him and because defendant signed the charge receipt above, rather than on, the line for his signature. Defendant's wife testified that two days following the incident, after defendant was arrested, she approached the attendant with defendant's driver's license. She testified he told her he was not on duty the night of November 16 and that he could not recall having seen defendant. Defendant testified on his own behalf and stated that he had had six or eight beers that day, then drove a friend to Scappoose; that it was enroute to Scappoose that he stopped at the gas station, but that the witness attendant was not the person who helped him.

In rebuttal to defendant's case, the state recalled the gas station attendant. The attendant testified that he remembered speaking with defendant's wife, but that he was not shown a driver's license. He was only shown a woman's credit card, which he did not recognize, he said, and that he would not have told Mrs.

[ 717 ]

Harris that he did not work the night of November 16, because he had worked that night.

The attendant was also questioned on rebuttal as to the nature of defendant's appearance the night of November 16, in an effort to bolster his testimony of recalling defendant's presence at the station, and to explore defendant's testimony of having drunk a quantity of beer. After several questions related to the witness' experience waiting on intoxicated drivers, and several additional questions related to defendant's ability to walk and talk, the witness testified:

"Q   Did you think anything about — anything unusual about him at all?

"A   Yes, as I told you yesterday, my girlfriend got on me so I better tell you, when he got out of the car, his zipper was unzipped and his penis was sticking out and I told him and he zipped it back up."

Defendant moved for mistrial, which the court denied. Defendant argues that allowing the prosecution to present additional incriminating testimony outside of its case-in-chief is prejudicial error. The court ruled that it was proper rebuttal. We believe the court's ruling to be within its discretion.

It is stated in 6 Wigmore, Evidence 677-78, § 1873 (Chadbourn rev 1976), that tardy evidence

"* * * may consist either in *new facts* which ought to have been put in before, or in a repetition (either by a new witness or by the same former witness) of *former facts already once evidenced.* The customary rule will equally forbid both. But, on the other hand, the principle of the trial court's discretion will equally sanction either; though the reasons in a given instance for thus permitting a departure would differ in the two cases, since for the former an inadvertent omission might be a sufficient excuse, while for the latter a just cause would be found in the need of clearing up an obscurity or emphasizing a disputed point upon which substantial contest had not been anticipated; moreover, the danger of unfair surprise might be present in the former case, but could hardly exist in the latter case."

[ 718 ]

While the specifics of the witness' memory were not previously brought out, the fact of the witness' identification of defendant was previously introduced. In either event, as Wigmore noted, the trial court's discretion was sufficient to sanction the introduction of the evidence. We have previously held, citing *State v. Fischer,* 232 Or 558, 563, 376 P2d 418 (1962):

> "* * * [I]t is within the discretion of the trial court to allow the introduction of rebuttal testimony which becomes relevant in rebuttal even though it may have been used in the case-in-chief. * * *" *State v. Birchfield,* 26 Or App 749, 752, 554 P2d 563, *rev den* (1976).

Defendant strongly urges that the trial court abused its discretion by allowing the state the unfair advantage of bolstering its case out of order after defendant's case. Yet, it is nowhere argued what defendant would have done differently had the state presented the damaging testimony in its case-in-chief. Defendant hypothesizes that without the testimony the jury could well have believed defendant's testimony that he had no sexual contact with complainant. But this argument misses the point. It is not the testimony which must adversely affect this case, but the *timing* of the testimony. The issue is thus analogous to the timing of discovery compliance. With no showing of how defendant is prejudiced by the late production of evidence, the trial court did not err in allowing the testimony as rebuttal. *Cf., State v. McKeen,* 33 Or App 343, 576 P2d 804 (1978); *State v. King,* 30 Or App 223, 566 P2d 1204, *rev den* 280 Or 1 (1977). Not having erred in allowing the testimony, it follows that there was no error in exercising its discretion to deny the motion for mistrial. *State v. Steele,* 33 Or App 491, 494, 577 P2d 524 (1978).

Defendant's second assignment is that the court failed to merge his conviction for sexual abuse with his convictions for sodomy, and failed to merge the convictions for menacing and being an ex-convict in possession of a firearm with his conviction for kidnapping.

The general rule is that questions not properly raised in the trial court will be deemed waived on appeal. *State v. Allen,* 25 Or App 57, 548 P2d 169, *rev den* (1976); *State v. Webber,* 14 Or App 352, 513 P2d 496 (1973). Beyond making a vague reference to merger, trial counsel never advised the trial judge of what should be merged and why. At the outset he said:

> "* * * Well, we have two matters here, your Honor, one is — one is the doctrine of merger applies to the matter of the 12 charges — 10 counts."

A colloquy between court and counsel ensued, and it concluded with a statement by counsel:

> "* * * I feel this [merger] is something that in the sentencing order the Court should define, and whatever argument I pursue here makes no difference depending on how the Court defines it, because I'm sure it will be an issue raised on appeal. * * *"

Whatever, if anything, these comments may have told the trial judge, they did not tell him what counts should be merged into what other counts, let alone why.

Affirmed.

**BUTTLER, J.,** specially concurring.

While I agree with the court's decision, I would not refuse to consider defendant's contention that some of his convictions should be merged because the contentions were not raised in the trial court.

Whether certain convictions should be merged is solely a question of law which may be determined from the face of the record, and if we were to decide that the trial court erred in not merging certain convictions, the remedy is a simple one requiring modification of the judgment of conviction and resentencing. This result would obtain even if the question were raised below and erroneously decided. None of this requires a retrial, and therefore ought not to be the kind of error that is waived if not raised in the trial court.

The opinion of the court cites *State v. Webber*, 14 Or App 352, 513 P2d 496 (1973), and *State v. Allen*, 25 Or App 57, 548 P2d 169, *rev den* (1976), in support of the rule that a merger question not properly raised in the trial court will be deemed waived on appeal. However, in both of those cases the merger question *was* decided on appeal, notwithstanding the failure to raise the question below.

Merger questions have consistently been treated by this court as egregious error on the face of the record, and have been decided even though not raised below. *State v. Webber, supra; State v. Miller*, 14 Or App 396, 513 P2d 508 (1973); *State v. Boyd*, 15 Or App 650, 517 P2d 321 (1973), *rev den* (1974); *State v. Reed*, 15 Or App 593, 517 P2d 318 (1973); *State v. Williams*, 16 Or App 48, 517 P2d 311 (1973), *rev den* (1974); *State v. Gill*, 24 Or App 863, 547 P2d 166, *rev den* (1976); *State v. Allen, supra; State v. Classen*, 31 Or App 683, 571 P2d 527 (1977), *rev allowed* 281 Or 1 (1978).

The only case I have found where we purported to decline decision on a merger question not raised in the trial court is *State v. Ortega*, 20 Or App 345, 531 P2d 756, *rev den* (1975). However, in that case, after stating we would not decide the question, we indicated that had we considered the issue, we would decide that the sentencing was proper under the rule stated in *State v. Macomber*, 18 Or App 163, 524 P2d 574, *rev den* (1974).

It seems apparent that we have not been able to live with our admonition to the bar to raise merger questions below, or waive them. We have found it difficult, if not impossible, in balancing the modest judicial inconvenience against the possible serious consequences to the defendant, to hold that the failure of counsel to raise the question amounts to a waiver by the defendant. Merger questions are tricky, involving, as they do, matters of legislative intent. *State v. Woolard*, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971). While it is always preferable to have the trial

judge consider and rule on them,[1] it is probable that there would be an appeal leaving us with the job of deciding a question of law just as we are called upon to do here.

Finally, to force the defendant to seek post-conviction relief (ORS 138.510 *et seq*) hardly serves the ends of judicial economy. Even if we stand by the court's decision here that defendant has waived the merger questions, the waiver does not preclude their consideration in post-conviction proceedings. ORS 138.550.

Without belaboring the question, on the merits of the merger argument, I would conclude that there was no merger and would therefore affirm the convictions.

---

[1]It should be noted that the trial judge, immediately following the acceptance of the verdicts, stated to counsel that there might be a question of a merger of some of the convictions, and that he would hear argument at the time of sentencing. The majority opinion quotes the colloquy which took place at the sentencing hearing.