THE STATE OF OREGON, RESPONDENT, *v.* JAMES
JOHNSON, JOINTLY INDICTED WITH ARCHIE BROWN
AND JOSEPH SWOARDS.

ACTS OF EACH PERSON CONCERNED IN CRIMINAL ENTERPRISE INVOLVE ALL.—
  All persons associated together in a criminal enterprise are to be held
  equally responsible for any crime committed by either in furtherance of
  their common object.

INTENTION TO KILL—NEED NOT BE SPECIFIC AS TO PERSON KILLED.—Where
  one intending to kill another shoots at him and missing his aim kills a
  third person, he is equally guilty as though he had killed the person at
  whom the shot was fired.

APPEAL from Multnomah county.   The facts are stated in the case of the *State* v. *Archie Brown, ante,* 186.

*C. A. Ball, Wm. M. Evans* and *E. D. Shattuck,* for the appellant.

*J. F. Caples, District Attorney,* and *M. F. Mulkey,* for the State:·

By the Court, KELLY, C. J.:

The defendant, James Johnson, was jointly indicted with Archie Brown and Joseph Swoards for the crime of murder in the killing of Louis Joseph, while in the commission of a robbery.   The facts, as proven on the trial, appear to be very meagerly stated in the bill of exceptions; but so far as they appear, they are substantially the same as in the case of *The State of Oregon* v. *Archie Brown,* just now decided. The exceptions taken to the rulings of the circuit court in the admission of testimony are quite numerous; but they have not been pressed upon the consideration of the court, and are, therefore, presumed to have been abandoned.   We have examined them, and find no error in the rulings of the court below upon the admission of testimony.

The defendant asked several instructions to be given by the court which were refused.   He also took exceptions to the instructions of the cou       the jury in the general charge.   We have considered       and with one exception, to be presently specified, find that they are substantially the same as those considered by this court in the case of *The State of Oregon* v. *Archie Brown.*   It is needless to here recapitulate what we decided there.   The defendant asked the court to instruct the jury as follows:

The law is too well settled to be now controverted, that all persons associated together in a criminal enterprise are to be held equally responsible for any crime committed by either of them in furtherance of their common object.   In the case of *The People* v. *Vasquez,* 49 Cal. 561, quite similar in many respects to the one now under consideration, the supreme court of that state held that "if several are asso-

ciated together in the commission of a robbery, and one of the associates does not intend to take life, and prohibits the others from taking life, yet if one of his associates takes life while they are engaged in the robbery and in furtherance of the common purpose to rob, he is as much guilty of murder in the first degree as though his own hand had given the fatal blow." It is equally well settled that if one person intending to kill another shoots at him, and missing his aim kills a third, he is as guilty as if he had killed the one at whom the shot was fired. This is an elementary principle of criminal law.

Finding no error in the proceedings of the court below, its judgment is affirmed.