Argued January 11, affirmed March 13, petition for rehearing
denied April 16, 1963

# STATE OF OREGON *v.* MOCZYGEMBA ET AL

379 P. 2d 557

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for appellants.

*David Robinson, Jr.,* Deputy District Attorney for Multnomah County, argued the cause for respondent. With him on the brief were Chester W. Pecore, District Attorney, and Charles R. Harvey, Deputy District Attorney, for Multnomah County.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PERRY, J.

The four defendants were convicted of an assault with a dangerous weapon upon one Laura Myreen, and each appeals.

The assault occurred the evening of November 19, 1961, at the Rocky Butte Jail, Multnomah County, where the defendants were prisoners. Laura Myreen was a member of a church group which visited the jail each Sunday evening to conduct services for the

prisoners. On the evening of the assault the church group had just been seated in the jail dining hall and were waiting for the prisoners to assemble before beginning the services. About 25 prisoners had filed into the dining hall and taken seats when one of the prisoners, William Johnson, suddenly grabbed Laura Myreen around the neck with one arm and pressed a kitchen paring knife to her throat. Almost simultaneously the four defendants grabbed four other members of the church group around the neck in a similar manner, and pressed homemade knives against their throats. One of the defendants stated, "We're desperate and want out of here."

Laura Myreen was released almost immediately when a jail guard jerked Johnson's arm and then chased him with a chair until he dropped the knife and surrendered. A few minutes later the four defendants also released their victims and surrendered their weapons.

Due to the confusion and excitement of the moment the witnesses were unable to identify which defendant held which victim. However, the witnesses positively identified the four defendants as the four men who each held a victim.

The homemade knives which the defendants wielded were made of combs and a tooth brush, with the teeth and bristles removed and one end filed to a sharp point. Handles had been fashioned by wrapping strips of gauze around one end of the comb.

The indictment charged the defendants, as principals, with assaulting Laura Myreen with a dangerous weapon. William Johnson was also joined in the indictment but was not joined in this trial. The actual

assault upon Laura Myreen was committed by Johnson; none of the defendants had touched her.

■ Each of the defendants contends that the trial court erred when it refused to grant his motion for a directed verdict of acquittal. The basis of each defendant's motion is that there is no evidence that any one of them assaulted Laura Myreen. The state contends that the evidence discloses that each of the defendants was an aider and abettor of Johnson in the commission of the assault and each therefore is a principal. ORS 161.220, insofar as is relative to this issue, provides:

> "* * * All persons concerned in the commission of a felony or misdemeanor, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and shall be indicted, tried, and punished as principals."

Certainly mere presence at the scene of a crime, with knowledge that an unlawful assault is being committed, is insufficient evidence to convict a person as an aider and abettor of the person committing the assault. *Hicks v. United States,* 150 US 442, 37 L Ed 1137, 14 S Ct 144; cf 12 ALR 275, III.

> "* * * In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in United States v. Peoni, 100 F.2d 401, 402." *Nye & Nissen v. United States,* 336 US 613, 93 L Ed 919.

It is, therefore, self-evident that if two or more persons plan or conspire to commit a criminal act to effectuate a common purpose, though only one of them

actually commits the deed, the other or others have aided or abetted. *State v. Brown,* 113 Or 149, 231 P 926.

The fact that each of the defendants, as well as Johnson had armed himself to attend a religious meeting where hostages could be taken, and at the meeting the defendants acted in concert in seizing the hostages, is ample evidence upon which reasonable minds could agree that those armed had agreed upon a plan to assault and seize some visitor or visitors for the purpose of effecting escape. Also, it is not necessary to establish that they intended that Laura Myreen was to be the person assaulted. It is sufficient if it appears they intended to commit the assault upon some one to effect their escape. *State v. Johnson,* 7 Or 210. There is no merit in this assignment of error.

The defendants also assign as error the trial court's failure to sustain their objection to the following:

"Q Now from your conversation with them, and your questions and answers, and their conduct, were you able to ascertain what all four defendants were intending on doing?

"A Well, they wanted out. I mean they wanted to get out of there.

"MR. HASLETT: Now, your Honor, I would object to that as being a conclusion of this witness. He can describe in detail in what manner he arrived at this conclusion.

"THE COURT: You may cross-examine him on the subject when it comes to it. The objection is overruled."

Assuming the objection made was sufficient, the court was in error in permiting the witness to state his

conclusion. This was a matter to be determined by the jury. The error can not, however, be considered as a cause for reversal. This witness had previously testified as follows, relative to the occasion in question:

"Q  All right. Will you relate the conversation?

"A  Begging your pardon, I will relate only what I remember, but under such circumstances it's pretty hard to remember word for word. But the substance of the conversation with these men were for them to turn over their weapons and forget it, whatever plans they happened to have, and there was no rough stuff that—between myself or the men. They asked me to move out of the way, that they were desperate, and so I spent some time talking with them on this line, and I tried to explain to them that to carry out the plans was foolishness, and if they would turn over their weapons, I personally and my group would have— wouldn't prosecute them. It would be up to the County to do so, which has happened; and they turned over their weapon to me, and that was about it."

We believe, therefore, the error was cured.

■  The defendant Robert Hull made the following objection to the instructions given by the court:

"May it please the Court, the defendant Robert Hull will except to the Court's instruction on accomplice; except to the Court's instructions on definition of aid; except to the Court's instruction on definition of abet; except to the Court's instruction on the common criminal purpose; and except to the Court's instructions on the discipline."

Each of the other defendants then joined in the exceptions. No other exceptions were taken.

This court has consistently and constantly stated that it will not consider general exceptions to instructions given by the court.

An exception, to have validity, must point out the error in the instruction so that the trial court may, if in error, correctly reinstruct the jury. This rule and a number of this court's pronouncements thereon are set forth in *State of Oregon v. Kader,* 201 Or 300, 270 P2d 160.

While we have not discussed other assignments of error set forth in the defendants' brief, we have carefully considered them and find in them no merit.

The judgment is affirmed.