Submitted December 3, 1971, reversed February 4, 1972

## STATE OF OREGON, *Respondent, v.* WALTER GORDON BUCHANAN, *Appellant.*

493 P2d 184

Ralph G. Monson, Baker, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from a conviction for sale of marihuana. ORS 474.020(1). An assignment of error is that the trial court should have granted a motion for acquittal. The state filed no brief in this appeal.

The indictment alleged defendant, in concert with James Robert Forsythe, sold marihuana to Steve L. Combs on May 18, 1970. The record shows the state's theory was that defendant was furnished with free marihuana from Forsythe in return for arranging a sale of marihuana to Combs. The testimony of state's witnesses was generally conflicting and confusing. As to the details of the sale and defendant's participation therein, the record shows three distinct versions: one by the principal, Forsythe; the second by the purchaser, Combs, who contradicted himself on direct and cross-examination; and the third by another witness not directly involved in the sale.

The sole question before us is whether the evidence, viewed in the light most favorable to the state, was sufficient to go to the jury on the issue of defendant's aiding and abetting the sale of the 18th. We do not believe it was.

Forsythe testified he first met Combs when he and defendant went over to Combs's house to look at posters. Combs asked defendant if he knew where to get some marihuana, and, according to Forsythe, defendant then gave him a "look" which he interpreted as assurance the sale was safe. He did not testify to any other participation by defendant. The sale was accomplished later at Forsythe's apartment.

Combs, the only other person (except defendant) allegedly present at the time, gave a number of conflicting versions of how he first met Forsythe—none agreed with Forsythe's version of the meeting. He testified that he had asked defendant several times to introduce him to a source for a marihuana purchase, and that on the 18th defendant introduced him to Forsythe at Forsythe's apartment, after which the sale was made.

There was no testimony to the effect that Forsythe gave defendant marihuana in consideration for the sale to Combs. But there was testimony that defendant and at least one other person smoked marihuana given them by Forsythe and his roommate. In the trial court the state argued this evidence, by itself, creates a reasonable inference the marihuana was payment for bringing Combs to Forsythe. We disagree. Such an inference would be sheer speculation. Looking at the evidence as the jury could find it most favorable to the state, it showed defendant either introduced Combs to Forsythe or gave Forsythe the "look" which assured Forsythe a sale was safe. The remaining question, then, is whether either of these accounts, if believed, amounts to "aiding and abetting."

"Aider and abettor," as prescribed by ORS 161.220, has been defined as

"* * * one who advises, counsels, or encourages another to commit a crime, even though not personally present at the time and place of the commission of the offense * * *." *State v. Rosser,* 162 Or 293, 344, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939).

And in *State v. Moczygemba,* 234 Or 141, 144-45, 379 P2d 557 (1963), the Oregon Supreme Court said:

" '* * * In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." * * * United States v. Peoni, 100 F.2d 401, 402.' *Nye & Nissen v. United States,* 336 US 613, 93 L Ed 919.

"It is, therefore, self-evident that if two or more persons *plan or conspire to commit a criminal act*

*to effectuate a common purpose,* though only one of them actually commits the deed, the other or others have aided or abetted \* \* \*." (Emphasis supplied.)

We find no cases in Oregon which address the question of aiding and abetting in the context of a charge for sale of narcotics.

In *State v. Gladstone,* 78 Wash2d 306, 474 P2d 274 (1970), an undercover agent asked defendant to sell him marihuana. Defendant said he did not have enough to sell, but gave the agent a map and oral directions to an apartment of a person (Kent) he thought might be able to supply him. The agent followed the map and purchased marihuana from the occupant of the apartment (Kent). Defendant was charged with aiding and abetting the sale. The statute prescribing aiding and abetting was substantially the same as ORS 161.220. In reversing the conviction the court said:

"There being no evidence whatever that the defendant ever communicated to Kent the idea that he would in any way aid him in the sale of any marijuana, or said anything to Kent to encourage or induce him or direct him to do so, or counseled Kent in the sale of marijuana, or did anything more than describe Kent to another person as an individual who might sell some marijuana, or would derive any benefit, consideration or reward from such a sale, there was no proof of an aiding and abetting, and the conviction should, therefore, be reversed as a matter of law \* \* \*." 78 Wash2d at 314-15.

In a case similar on its facts to the one at bar, the court in *United States v. Moses,* 220 F2d 166 (3rd Cir 1955), reversed a conviction of a defendant who had introduced prospective buyers to a seller and vouched for them. It held the evidence lacked a show-

ing of collaboration or association between the defendant and the seller.

Other cases of like tenor are: *Adams v. United States,* 220 F2d 297 (5th Cir 1955); *Morei v. United States,* 127 F2d 827 (6th Cir 1942); *Commonwealth v. Harvard,* 356 Mass 452, 253 NE2d 346 (1969); *People v. Branch,* 13 AD2d 714, 213 NYS2d 535 (1961); *Jones v. State,* 481 P2d 169 (Okla Crim 1971).

The record in the case at bar is devoid of proof that defendant and Forsythe had an arrangement or understanding or conspired and confederated with each other concerning the sale of marihuana to Combs. The motion for acquittal should have been granted.

Reversed.