Argued January 19, remanded with directions January 19, reconsideration denied February 25, petition for review denied March 23, 1976

## STATE OF OREGON, *Respondent,*
*v.*
## MARCUS WAYNE ESTLICK, *Appellant.*
(No. 15-998, CA 4775)
544 P2d 596

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was convicted of two counts of criminal activity in drugs, ORS 167.207, namely, furnishing LSD and marihuana at the same time and place to the same persons. The court imposed a prison sentence for each count, the sentences to run concurrently. Defendant contends (1) there was insufficient evidence to make a jury question, and (2) it was error to impose two sentences.

An undercover officer and an informant met defendant in defendant's apartment and discussed the sale and purchase of various drugs. Negotiations involving those drugs were not fruitful. Defendant then proposed a transaction for "some tie sticks or some acid." Defendant wanted to make the deal with a close friend of his, the co-defendant. Defendant made a telephone call during which he indicated to the officer and the informant the amount of drugs available. Subsequently, the co-defendant arrived at defendant's apartment and said that he had available the previously mentioned drugs. It was arranged that the informant and co-defendant would go to co-defendant's house to obtain the drugs. Upon their return, the transaction was completed and arrests were made. Defendant never handled the drugs, nor asked for nor received any money.

ORS 161.150 provides:
> "A person is guilty of a crime if it is committed by his own conduct or by the conduct of another person for which he is criminally liable, or both."

ORS 161.155 explains that
> "[a] person is criminally liable for the conduct of another person constituting a crime if:
> "* * * * *
> "(2) With the intent to promote or facilitate the commission of the crime he:
> "* * * * *
> "(b) Aids or abets or agrees or attempts to aid or abet

[ 119 ]

such other person in planning or committing the crime
* * *.

"* * * * *."

Whether or not there was sufficient evidence to convict defendant as a principal we need not decide since there was clearly proof of his criminal liability for the conduct of another.

Defendant relies entirely on *State v. Buchanan,* 8 Or App 150, 493 P2d 184 (1972), and cases discussed therein to support his contention that the state's proof was insufficient to support a conviction of criminal activity in drugs. In *Buchanan,* the evidence showed that defendant either introduced a marihuana purchaser to a seller or gave the seller the "look" which assured the seller a sale was safe. The question, as here, was whether the evidence was sufficient to go to the jury on the issue of defendant's aiding and abetting the sale of drugs.

In *Buchanan* we stated:

" 'Aider and abettor,' as prescribed by ORS 161.220, has been defined as

" '* * * one who advises, counsels, or encourages another to commit a crime, even though not personally present at the time and place of the commission of the offense * * *.' * * *.

And in *State v. Moczygemba,* 234 Or 141, 144-45, 379 P2d 557 (1963), the Oregon Supreme Court said:

" ' "* * * In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it suceed.'* * *." * * *.' " 8 Or App at 152.

We held in *Buchanan* that defendant's actions were not proof that defendant and the seller "* * * had an arrangement or understanding or conspired * * * with each other concerning the sale of marihuana * * *." 8 Or App at 154.

■ Using the guideline above, we conclude that defen-

dant's conduct in this case does amount to aiding and abetting. Defendant wanted to arrange the transaction between his friend and the undercover officer, he conveyed information between them concerning the amount of drugs involved, and he made his apartment available for the negotiations leading to the sale agreement.

After the court sentenced defendant, the following exchange took place:

"MR. PETERSON [defense counsel]: [I]t is my feeling that * * * a conviction on two counts arising out of the same occurrence, can only support a conviction on one count, even though a verdict may be returned for two counts.

"* * * * *

"THE COURT: The situation is, I will sentence him to three years on each count to run concurrently. If the Court of Appeals wants to reverse it, he won't suffer any less than he already has."

■ Defense counsel was correct; only one sentence should have been imposed. In *State v. Morales,* 21 Or App 827, 537 P2d 109, *former opinion adhered to,* 22 Or App 470, 539 P2d 1112, Sup Ct *review denied* (1975), we stated:

"The substantive standards governing whether separate judgments of conviction can be entered and sentences imposed for violating related statutes or repeated violations of the same statute have been often discussed by the Supreme Court and this court. In the context of the prohibition against criminal activity in drugs, ORS 167.207, we have held:

" 'The problem is how many different crimes or repeated violations of the same statute the state is permitted to carve out of one act or course of conduct. If a person possessed illegal drugs in two different rooms of his house, it seems obvious that this would constitute one crime, not two crimes. *Cf., State v. Welch,* 264 Or 388, 505 P2d 910 (1973). If a person were driving with two packages of illegal drugs, it seems obvious that this would constitute one crime, not the two crimes of possession and transportation. *See, State v. Miller,* 14 Or App

396, 513 P2d 508 (1973). These examples demonstrate: once the state proves a defendant has engaged in some prohibited conduct involving illegal drugs at a given time and place, the fact that the defendant also engaged in other prohibited conduct at the same time and place does not ordinarily amount to a separate violation of ORS 167.207. Stated differently, the state cannot carve up the amount of drugs in a person's possession, claiming that some of the drugs were being illegally possessed, others were being illegally cultivated, others were being illegally transported, etc.

" '* * * Under ORS 167.207 * * * evidence of different forms of prohibited conduct at the same time and place amounts to only one crime * * *.' *State v. Boyd,* 15 Or App 650, 652-53, 517 P2d 321 (1973), Sup Ct *review denied* (1974)."

The proper procedure for sentencing is also outlined in *Morales.*

Remanded for entry of a judgment of conviction and sentence on one charge, and "merger" or "dismissal" of the other charge.