Argued and submitted June 25, reversed and remanded December 5, 1984, reconsideration denied January 25, petition for review denied April 2, 1985 (299 Or 31)

## STATE OF OREGON,
*Appellant,*

*v.*

## ESTHER BENITA KAHUT,
*Respondent.*

### (C 83-04-31810; CA A29719)

692 P2d 138

Robert E. Barton, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Wayne Mackeson, Portland, argued the cause for respondent. With him on the brief was Des Connall, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was indicted for robbery in the first degree. ORS 164.415. She moved to suppress admissions she had made to the police on the ground that they were involuntary. The trial court granted defendant's motion, and the state appeals. ORS 138.060(3). We reverse.

In early 1983, defendant and her then attorney entered into an agreement with the Multnomah County District Attorney's office and the Portland Police Bureau. The district attorney agreed to drop pending theft charges against defendant if she would supply information leading to the prosecution of a certain individual.

The only evidence of the terms of that original agreement is the attorney's testimony at the hearing on the motion to suppress. The two persons from the district attorney's office with whom defendant made the agreement did not testify, nor did defendant. According to the attorney, defendant was to "provide information that would allow putting together a case for the prosecution of [the suspect]." He testified that at that time defendant was not offered immunity from prosecution for future crimes.

Following that agreement, defendant provided police with some information. Apparently, it was not sufficient to satisfy her obligation under the agreement. In March, 1983, defendant informed Goodale, her police contact, that the original suspect's brother and another man were planning to steal weapons from a National Guard Armory. The district attorney told defendant that her obligations under the agreement would be satisfied if she provided information leading to the prosecution of them.

At that point, defendant asked about the boundaries of acceptable conduct as an informant. According to the attorney, Goodale advised defendant that "so long as these people contact you and you are just passing along information [and] you don't actually participate in a crime, it's all right." Goodale testified that he probably told defendant that "she couldn't be directly involved in a crime" and, possibly, that she could not initiate a crime. He testified that he told her that she could tell the two men that she had found a buyer (the police) for the weapons. He also testified that he never gave

defendant any basis for an impression that she was immune from prosecution for future criminal conduct. The record does not reveal what became of the planned robbery.

On April 5, 1983, defendant contacted Goodale and informed him that she was aware of a different robbery that had been committed that evening by the original suspect's brother and the other man. She met with Goodale throughout the night relating information about the robbery. During the course of those discussions she admitted that before the robbery she had made a phone call to the victim to make sure that a diamond ring advertised by the victim was still on the premises, that her car had been used in the robbery and that she had hidden one of the men in a motel after the robbery. Her discussions with Goodale took place over the phone and in Goodale's car. She was free to leave at all times. She was not advised of her *Miranda* rights, nor was she arrested that night. After her admissions, Goodale did not inform her that she had become a suspect in the robbery.

Defendant was subsequently indicted for her participation in the robbery. The trial court granted her motion to suppress her statements to Goodale on the ground that they were induced by an express or implied promise that the statements would not be used against her.[1]

---

[1] The trial court made the following findings and conclusions:

"The following were significant in reaching the decision that Officer Goodale's testimony should be suppressed:

"(1) Defendant was an informant. The State acknowledges that it had promised to drop certain charges unrelated to this case against defendant in return for which she was 'to make a case' against certain persons. Officer Goodale was her contact under the agreement.

"(2) Defendant is charged as an accessory to a robbery. She told officer Goodale that she called the victim prior to the robbery to determine for the principles that certain jewelry was still in the victim's possession as advertised in the newspaper. She also advised that officer that her automobile had been used in the robbery.

"(3) Defendant initiated the meeting with officer Goodale on the same day that the robbery occurred. The State concedes that defendant's revelations led to the apprehension and successful prosecution of the principles to the robbery.

"(4) Officer Goodale testified that he *may* have previously warned defendant that as an informant she should avoid becoming involved in any crime as an accessory. However, he could not say with certainty that he had so warned her.

"(5) The informant relationship under the circumstances existing here may have

■    If induced by an express or implied promise of immunity, defendant's admissions could be deemed involuntary, and thus inadmissible, under both the state and federal constitutions. *State v. Mendacino,* 288 Or 231, 239, n 6, 603 P2d 1376 (1979); *see State v. Ely,* 237 Or 329, 390 P2d 348 (1964); *State v. Capwell,* 64 Or App 710, 714, 669 P2d 808 (1983). The issue is whether defendant's admissions were so induced.

■    We are bound by the trial court's findings of fact, if the evidence is sufficient to support them. *Ball v. Gladden,* 250 Or 485, 487-88, 443 P2d 621 (1968). We must determine whether the trial court's conclusion drawn from those facts, that the statements were induced by an express or implied promise of immunity, is constitutionally correct. *State v. Capwell, supra.*

■    There is no evidence of an express promise of immunity from prosecution for future crimes. Defendant's former attorney testified that the agreement did not include such immunity. Defendant was promised only that pending charges of theft would be dismissed. Similarly, Goodale testified that at no time did he give defendant any indication that she had such immunity. The trial court made no specific finding of the existence of an express promise. We conclude that defendant's admissions could not have been induced by an express promise of immunity from prosecution for future crimes.

With respect to the theory of an implied promise of

---

been an inducement to defendant to at least minimally participate in a crime as an accessory.

"(6) Officer Goodale testified that he did not warn defendant that any statements that she made might be used against her. He further testified that he did not arrest her because he hoped to gain further information from her and did not want to prematurely warn the principles.

"(7) The State conceded that all the revelations made by defendant to Officer Goodale were true.

"(8) There is no question that Officer Goodale was encouraging defendant to speak freely and openly.

"I find under the circumstances defendant had every reason to believe that her relationship with Officer Goodale was confidential, and there was an implied, if not express promise, that statements made to Goodale would not be used against her. Under the circumstances existing in this case it would have been necessary for the officer to expressly warn the defendant that any incriminating statements would be used against her." (Emphasis in original.)

immunity, defendant argues that, because she was told that she could go so far as to tell the men that she had found a buyer for the weapons that they planned to steal and because of the confidential nature of the informant relationship, she could reasonably infer that she was immune from prosecution for any criminal involvement with the two men, so long as she provided information leading to their arrest.

The trial court found that the informant relationship "may have been an inducement to defendant to at least minimally participate in a crime as an accessory." The trial court's inference is a conclusion of law, not a finding of fact, and we are not bound by it. *Ball v. Gladden, supra; see State v. Warner,* 284 Or 147, 158, 585 P2d 681 (1978).

To the contrary, we conclude that defendant could not have reasonably believed that she could actively participate in a crime from beginning to end and not be prosecuted for it. The undisputed evidence shows that defendant originally was promised only that pending theft charges would be dismissed. No immunity for future crimes was contemplated. Goodale stated that he never said anything to give her any reason to believe otherwise. The confidential nature of the informant relationship offers no support for defendant's argument.

Further, Goodale's instructions to defendant permitting her to tell the men that she had found a buyer for stolen weapons would not lead defendant reasonably to conclude that she could participate as an accessory to a different crime and not be prosecuted for it. Goodale's instructions are consistent with his and the attorney's testimony that defendant was told merely to pass along information and told not actually to participate in a crime. Defendant went far beyond the bounds of acceptable conduct under the agreement by actively participating in the robbery.

Defendant's admissions were not involuntary. The order suppressing the evidence is reversed and the case is remanded for trial.[2]

---

[2] Defendant appears to assert also that her admissions are inadmissible under ORS 136.425(1), which provides for the exclusion of admissions and confessions "made under the influence of fear produced by threats." There is no evidence that defendant's admissions were so induced.