## STATE OF OREGON,
*Respondent,*

*v.*

## WALTER CHRISTOPHER CRAWFORD,
*Appellant.*

(86-1146; CA A43629)

752 P2d 316

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of burglary and theft. He assigns error to the trial court's denial of his motion for judgment of acquittal based on his contention that a witness, Cooper, was an accomplice and that there was no independent corroboration of the testimony of two other witnesses who were accomplices. ORS 136.440.[1] We affirm.

In the presence of Cooper and Bray, defendant and two other men planned a burglary. While the five were driving to the targeted business, defendant and the two other men discussed details of the caper. Neither Cooper nor Bray actively planned or participated in the burglary. Both stayed at the car during the burglary. After the burglary, defendant and two other men sold the goods and then returned to Bray's apartment, where the three active participants divided the money. They then bought gas and beer and again returned to Bray's apartment. At that point, Cooper stayed at Bray's apartment while Bray, defendant and the other two drove back to the scene of the crime.

Cooper testified about how he happened to be in the car. He had been low on money and would have had to go home by bus or get a ride. One of the other men, the driver, offered to take Cooper home, but only after they had made a

---

[1] ORS 136.440 provides:

"(1) A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

"(2) As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant under ORS 161.155 and 161.165, or, if the witness is a juvenile, has committed a delinquent act, which, if committed by an adult, would make the adult criminally liable for the conduct of the defendant."

ORS 161.155 provides, in pertinent part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

few stops, one of which turned out to be the burglary. Cooper testified that he did not help plan the burglary, was not a lookout and did not help load the goods. There was other testimony that, while sitting in the car, he might have put one stolen item that was handed to him on the car floor.

In passing on the denial of a motion for acquittal, we view the evidence in the light most favorable to the state and will sustain the verdict if there is substantial evidence to support it. *State v. Krummacher,* 269 Or 125, 138, 523 P2d 1009 (1974); *State v. Graham,* 70 Or App 589, 591, 689 P2d 1315 (1984), *rev den* 298 Or 597 (1985).

In the trial to the court, Cooper, the two men who clearly were accomplices and a detective testified. Cooper testified that he knew that his companions intended to commit a burglary but that he "just sat in the car." He said that he "might have changed seats from one side of the seat to the other seat [sic], but [he did not think that] he got out of the car." One of the accomplices testified:

"Q:    * * * Had Scott Cooper been any part of the planning in the discussion prior to that occasion of the burglary?

"A:    No.

"Q:    Okay, did he have any part in the burglary other than just being in the car outside with Amy Bray?

"A:    He just sat in the car the whole time.

"Q:    Okay and had you made arrangements to give him money as a result of his being there, or have him act, actively as a lookout or dispose of the property, or any of those things?

"A:    No. * * *

"Q:    [W]as this a situation where Scott Cooper and Amy Bray had to assist you with loading the items into the car or were they just loaded from the back?

"A:    They were just loaded from the back.

"Q:    Did they just remain in the car at that point?

"A:    Yes."

The other accomplice testified that he committed the burglary "with Meyer, Cooper and [defendant]" and that he "believed" that Cooper was outside the car when the others came out of the building. He also stated that, although he was "not too sure" whether Cooper had helped the others load the stolen

property into the car, he thought that, "since Cooper was the first person to get in the car, I'm sure we handed him some stuff to put in the front there."

The trial court stated its findings on the disputed facts and concluded that, on those facts, Cooper was not an accomplice. Mere presence at the scene, even with knowledge of commission of the crime, is not enough to make one a chargeable party under ORS 136.440. *See State v. Hull,* 286 Or 511, 517, 595 P2d 1240 (1979); *see also State v. Moczygemba,* 234 Or 141, 144, 379 P2d 557 (1963). We are bound by the trial court's findings of fact if there is evidence to support them. *State v. Kahut,* 71 Or App 243, 247, 692 P2d 138 (1984), *rev den* 299 Or 31 (1985). The record supports the trial court's finding that Cooper was only a witness, not an accomplice. His testimony was sufficient to corroborate the accomplices' testimony implicating defendant. The trial court properly denied defendant's motion for acquittal.

Affirmed.