Argued and submitted January 26; convictions on Counts 1 and 2 reversed, otherwise affirmed March 8, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LYNN VANORDEN,
*Defendant-Appellant.*

Lane County Circuit Court
21CR11465; A176273

526 P3d 824

Defendant, who was convicted of two counts of aggravated harassment (Counts 1 and 2) and one count of attempted aggravated harassment (Count 3), appeals a judgment of conviction after a jury trial, assigning error to the trial court's denial of his motion for a judgment of acquittal on the two counts of aggravated harassment. The charges arose when defendant, who was under arrest, spit in the direction of a police officer who was coming toward him and the breeze blew the spittle to two police officers who were standing behind him. The state tried the aggravated harassment charges on a theory of transferred intent, and the trial court instructed the jury on transferred intent. Defendant contends that the trial court erred in giving the instruction and in denying his motion for a judgment of acquittal because the theory of transferred intent was not applicable to the offense of aggravated harassment. *Held*: Under ORS 166.070, defining the offense of aggravated harassment, the officer with whom the saliva made contact must be the same officer (or officers) to whom the person intentionally propelled the saliva. Thus, the theory of transferred intent is not applicable. The trial court therefore erred in denying defendant's motion for a judgment of acquittal.

Convictions on Counts 1 and 2 reversed; otherwise affirmed.

Amit K. Kapoor, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Convictions on Counts 1 and 2 reversed; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction after a jury trial of two counts of aggravated harassment, ORS 166.070 (Counts 1 and 2), and one count of attempted aggravated harassment (Count 3), arising out of his having spit in the direction of a police officer while he was under arrest. He contends that the trial court erred in denying his motion for a judgment of acquittal on Counts 1 and 2. For the reasons explained below we conclude that the trial court erred in denying defendant's motion and therefore reverse defendant's convictions on Counts 1 and 2.

Defendant, who was under arrest, was being restrained from behind by Officer Timms and patted down from behind by Officer Harris. As Officer Hargrove approached defendant from the front, defendant spat toward him. The spittle did not reach Hargrove, but a breeze carried it into the faces of Timms and Harris, who were still positioned behind defendant.

ORS 166.070 provides:

"(1)   A person commits the crime of aggravated harassment if the person, knowing that the other person is a:

"* * * * *

"(c)   Public safety officer, intentionally propels saliva at the public safety officer, and the saliva comes into physical contact with the public safety officer, while the public safety officer is acting in the course of official duty or as a result of the public safety officer's official duties."

Arising out of his spitting conduct, defendant was charged with attempted aggravated harassment in spitting toward Hargrove (Count 3), and aggravated harassment with respect to the spittle that reached the faces of Timms and Harris (Counts 1 and 2).

Defendant sought a judgment of acquittal with respect to Counts 1 and 2, contending that the act of spitting in the direction of the public safety officer must be intentional and that the state had failed to show that defendant had intended to spit at Timms and Harris. It is undisputed that the state did not attempt to establish that defendant

intended to spit at Timms or Harris. The state's theory at trial was that, by virtue of a theory of transferred intent, criminal liability would attach with respect to Counts 1 and 2 (Timms and Harris) if defendant intended to spit at Hargrove. The trial court denied defendant's motion for a judgment of acquittal and instructed the jury that "the doctrine of 'transferred intent' applies to this charge." The court instructed:

> "Transferred intent. A person may be guilty of aggravated harassment when, with intent to propel saliva at a public safety officer and with the intent to cause the saliva to contact the public safety officer, causes saliva to come into contact with such public safety officer acting in the course of official duty *or with another public safety officer acting in the course of official duty*."

(Emphasis added.) The court further instructed the jury that it could convict defendant if it found that defendant "intentionally propelled saliva at [Hargrove] with the intent to cause the saliva to contact [Hargrove]," and "the saliva came into contact with each of the other two officers."

The jury reached guilty verdicts on all three charges. In his first and second assignments, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on Counts 1 and 2. In defendant's third assignment, defendant contends that the trial court erred in giving the "transferred intent" jury instruction. All three assignments depend on whether the "transferred intent" theory of liability is applicable. We agree with defendant that it is not and that the trial court therefore erred in giving the "transferred intent" instruction and also erred in denying defendant's motions for judgment of acquittal.

The doctrine of transferred intent is a common-law doctrine that has been applied in murder cases and that the Supreme Court described in *State v. Johnson*, 7 Or 210 (1879), as an "elementary principle of criminal law." In *State v. Wesley*, 254 Or App 697, 703, 295 P3d 1147, *rev den*, 354 Or 62 (2013), we explained:

> "The common-law doctrine of transferred intent is a bedrock principle of English common law: '[I]f one shoots at A and misses him, but kills B, this is murder; because

of the previous felonious intent, which the law transfers from one to the other.' William Blackstone, 4 *Commentaries on the Laws of England* 201 (1769). The doctrine has been described more colloquially in some American jurisdictions as 'the intention follows the bullet.'"

(Brackets in original; citation omitted.) As defendant correctly notes, the doctrine of transferred intent is not described in the statutes or in the commentaries to the Oregon criminal code, and the Supreme Court has never applied it outside the context of murder.

The state responds that the theory of "transferred intent" applies to the charged offense of aggravated harassment. The state bases that argument on the legislative history, which it argues shows an intention in ORS 166.070 to criminalize the conduct of a person who intentionally spits at a person knowing that the person is a public safety officer, and the saliva makes contact with a person who is a public safety officer. The state asserts that the legislative history shows that the legislature did not intend for liability under ORS 166.070 to depend on proof that the defendant had the intention to strike the particular officer with whom the saliva made contact; rather, the state contends, "if a defendant intentionally spits 'at' any officer and makes contact with any other officer who is in the class described in the statute, he has committed aggravated harassment." Thus, the state contends, the legislature intended that something similar to "transferred intent" should apply to that particular harassment offense, and that "the trial court correctly interpreted ORS 166.070(1)(c) to prohibit the proscribed conduct—spitting at a person known to be a public-safety Officer—even if the result of that conduct is that the saliva makes contact with a different officer."

The difficulty with the state's argument is that it is not supported by the text of the statute, which is paramount. *State v. Gaines*, 346 Or 160, 177-78, 206 P3d 1042 (2009); *State v. Prophet*, 318 Or App 330, 345, 507 P3d 735, *rev den*, 370 Or 472 (2022). ORS 166.070(1)(c) provides that the offense is committed if the person "intentionally propels saliva at *the public safety officer*, and the saliva comes into physical contact with *the public safety officer*[.]" (Emphases

added.) The emphasized text shows that the legislature intended that the officer with whom the saliva made contact must be the same officer (or officers) to whom the person intentionally propelled the saliva. Thus, unlike in the context of murder, where "the intention follows the bullet," *Wesley*, 254 Or App at 703, under ORS 166.070(1)(c), the intention does not follow the spittle.

Although we agree with the state's argument that the legislative history shows that the legislature intended to broadly protect certain categories of persons from having saliva propelled at them, there is nothing in that legislative history that shows that a principle akin to "transferred intent" should apply or obviate the need for the state to show the required *mens rea* for each element of the offense. For the offense of aggravated harassment, ORS 166.070(1)(c) requires that the person intentionally propel saliva at *the* police officer with whom the saliva makes physical contact. We conclude, therefore, that the trial court erred in giving the "transferred intent" instruction.

The state asserts that, despite the erroneous legal theory at trial, the convictions must be affirmed, because there is evidence that would support a finding that defendant intentionally spit at Timms and Harris. We reject that argument. We agree with defendant that there is no evidence that defendant was directing his spittle at all three officers. Additionally, the state did not attempt to establish such intent; rather, the state's argument at trial was that defendant was aiming directly at Hargrove and that the jury should convict defendant of Counts 1 and 2 on a theory akin to transferred intent. As the court said in *State v. Burgess*, 352 Or 499, 504, 287 P3d 1093 (2012), it would be fundamentally unfair to defendant to sustain his conviction on a legal theory raised for the first time on appeal.

Accordingly, we conclude that the trial court erred in denying defendant's motion for a judgment of acquittal on Counts 1 and 2, and we reverse the convictions.

Convictions on Counts 1 and 2 reversed; otherwise affirmed.