748 July 9, 2025 No. 615

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Matthew HOLT,
*Plaintiff-Respondent,*

*v.*

Joseph J. NICOLETTI
and Diana R. Nicoletti, husband and wife
and Mark A. Nicoletti, an individual,
*Defendants-Appellants,*

*and*

UNKNOWN HEIRS AND DEVISEES OF
THOMAS R. OSBORN,
a deceased individual
and William R. Greenburg, an individual,
*Defendants.*

Multnomah County Circuit Court
19CV36348; A180535

Jerry B. Hodson, Judge.

Argued and submitted May 28, 2025.

Harry Ainsworth argued the cause and filed the briefs for appellants.

Lewis T. Farmer argued the cause for respondent. Also on the brief was The Bridge Law Firm, LLC.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff, Matthew Holt, sublet a room in a house from a tenant who subsequently locked Holt out and removed Holt's personal property. The issue on appeal is whether the owners of the house can be liable under the Oregon Residential Landlord Tenant Act (ORLTA) to a subtenant for the tenant's conduct. As we explain below, the ORLTA defines "landlord" as including owners, and its provisions have been broadly construed to protect persons other than tenants. Contrary to owner's argument, allowing a subtenant to recover statutory damages from the owners in this case does not "abolish" the common law regarding subtenancies. We therefore affirm.

The Nicolettis (owners) appeal a judgment in favor of their subtenant, Holt. Owners rented their house to Thomas Osborn (tenant), who sublet a room in the house to Holt (subtenant).[1] Owners understood that tenant had sublet rooms in their building. After an altercation in August 2018, tenant locked subtenant out and removed subtenant's personal property from the house. In August 2019, subtenant sued tenant and owners alleging violation of provisions of the ORLTA and the Portland City Code. In summary judgment rulings, the trial court determined that the owners could be liable to subtenant for tenant's actions and found in favor of subtenant on two of his claims. After a jury trial, the jury returned a verdict in favor of subtenant on his remaining six claims. The trial court entered a judgment in favor of subtenant and against owners.[2]

On appeal, in four assignments of error, owners argue that the trial court erred in ruling that they were

---

[1] In November 2019, during the pendency of this action in the trial court, tenant Thomas Osborn died. The trial court substituted the unknown heirs and devisees of Osborn as defendants. They did not appear, they were not named, and the trial court dismissed them from the case. Although he is deceased, the amended notice of appeal filed by the Nicolettis named Thomas Osborn as an appellant. In the opening brief filed by the Nicolettis, it states that defendant Osborn "is not a part of this appeal." The caption of the case is hereby modified to reflect that the unknown heirs and devisees of Thomas Osborn were defendants below but are not appellants.

[2] Subtenant's complaint also named William Greenburg, another owner, as a defendant. He did not appear and was subject to an order of default. However, the trial court vacated a limited judgment dismissing him from the case and he is named in the judgment as a judgment debtor.

liable to subtenant for tenant's violations of several provisions of the ORLTA, ORS 90.375, ORS 90.300, ORS 90.425, as well as a Portland City Code provision based on the ORLTA, PCC 30.01.085.[3] Each of those assignments of error turn on the same legal argument: owners were not subtenant's "landlord." To address that argument, we interpret relevant provisions of the ORLTA.

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). To do so, we look to text, context, and, if appropriate, the legislative history of the statute. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The ORLTA was enacted in 1973, and it was intended to "clarify and restate the rights and obligations of tenants and landlords." *L & M Investment Co. v. Morrison*, 286 Or 397, 405, 594 P2d 1238 (1979). Through its adoption of the ORLTA, the legislature sought to modernize Oregon's landlord-tenant law and achieve "a fair balance between the rights of tenants and landlords." *Napolski v. Champney*, 295 Or 408, 419, 667 P2d 1013 (1983); *see also* Comment, *Landlord-Tenant Reform in Oregon*, 16 Willamette L Rev 835, 836-42 (1980).

Here, owners do not dispute that subtenant qualifies as a "tenant" under the ORLTA.[4] Instead, they argue that they were not the subtenant's "landlord." But ORS 90.100(25)[5] defines the term "landlord" broadly, providing:

---

[3] ORS 90.375 provides in part that if "a landlord unlawfully removes or excludes the tenant from the premises," then the tenant may recover damages.

ORS 90.300(13) provides in part that "[t]he landlord shall return to the tenant the security deposit," and ORS 90.300(16) provides for the recovery of damages if the landlord fails to do so.

ORS 90.425(3) provides in part that "the landlord must give a written notice to the tenant" before storing or disposing of the tenant's personal property, and ORS 90.425(17) provides that the tenant may recover damages for noncompliance.

PCC 30.01.085 A adopts definitions from the ORLTA. PCC 30.01.085 K provides in part that a landlord who fails to comply with specified requirements is liable for an amount up to three times the monthly rent as well as other damages.

[4] ORS 90.100(51) defines a "tenant" as "a person, including a roomer, entitled under a rental agreement to occupy a dwelling unit to the exclusion of others."

[5] Although the trial court referred to *former* ORS 90.100(23) (2017), it was renumbered as ORS 90.100(25) in 2023. Because the text of the provision did not change, we cite to the current version of the statute.

"'Landlord' means the owner, lessor or sublessor of the dwelling unit or the building or premises of which it is a part. 'Landlord' includes a person who is authorized by the owner, lessor or sublessor to manage the premises or to enter into a rental agreement."

That text explicitly provides that both owners and sublessors can be landlords, and the second sentence indicates that the definition of "landlord" also includes managers.

As the parties argue, the use of the word "or" in the phrase "owner, lessor or sublessor," can be understood inclusively or exclusively. When used exclusively, it means "one or the other, but not both." *Burke v. DLCD*, 352 Or 428, 435-36, 290 P3d 790 (2012). When used inclusively, it means "one or the other, *or both*." *Id.* (emphasis in original). The Supreme Court observed that "it is more often the case that the connective 'or' in used in the inclusive sense." *Id.* at 436; *see also* Office of Legislative Counsel, *Bill Drafting Manual* 3.13 (19th ed 2024) (explaining that "[b]y longstanding usage in ORS, the 'or' in tabulation is always 'inclusive'"). Here, the trial court determined, and we agree, that "or" is used inclusively in ORS 90.100(25), supporting the conclusion that owners could be liable to subtenant.

In addition to the inclusive use of "or," the legislature later signaled its intent to apply the definition of "landlord" broadly. The second sentence of ORS 90.100(25) was added to the statute in 1999 in response to *Dikeman v. Carla Properties, Ltd.*, 127 Or App 53, 56-57, 871 P2d 474 (1994), which held that, under the circumstances of that case, the defendant, a property management company, did not qualify as a "landlord." In response to that case, the legislature passed amendments to broaden the definition of "landlord." In testimony in support of the amendments, John VanLandingham, a member of the Lane County Law and Advocacy Center, testified that "the Act has previously * * * defined landlord as somebody who owns the property," and that the definition should be expanded to more definitively include managers. *See* Tape Recording, House Committee on Consumer and Business Affairs, HB 3098, Mar 29, 1999, Tape 69, Side A (testimony of John VanLandingham); *see also* Or Laws 1999, ch 603, § 5. That amendment demonstrates

a legislative intent for the definition of "landlord" to apply broadly.

On appeal, owners acknowledge that "or" as used in the phase "owner, lessor or sublessor" in ORS 90.100(25) is inclusive, and they further acknowledge that they could qualify as landlords under the statute in some circumstances. Indeed, owners acknowledge that, given their statutory obligation to maintain the premises in a habitable condition, their liability would extend to a subtenant for their failure to properly maintain the premises. *See, e.g.*, *Humbert v. Sellars,* 300 Or 113, 119, 708 P2d 344 (1985) (extending the landlord's liability for failure to maintain the premises in a habitable condition to a guest of the tenant).

Even so, owners argue, they should not be considered subtenant's landlord in this case based on the common law concepts of privity of contract and privity of estate. *See Brewer v. Erwin*, 287 Or 435, 442, 600 P2d 398 (1979), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or 532, 901 P2d 841 (1995) (looking to common law to help clarify provisions of the ORLTA). Under the common law, a lease is both a contract and a grant of an estate in land. *Stinson v. Hardy*, 27 Or 584, 589, 41 P 116 (1895). The concepts of privity of estate and privity of contract refer to the relationship between the parties to the lease. *See Black's Law Dictionary* 1237-38 (8th ed 2004) (defining privity of contract as "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so," and defining privity of estate as "[a] mutual or successive relationship to the same right in property, as between grantor and grantee or landlord and tenant"). Under Oregon's common law, when a tenant entered into a sublease, no privity of estate or contract arose between the owner and the subtenant; "[t]he contract by which the subtenancy was created was a transaction to which [the owner] was a stranger," and the owner was not bound by its terms. *Backus v. West*, 104 Or 129, 141-42, 205 P 533 (1922).

Applying that common law approach here, owners argue that there is no privity of estate or contract between themselves and subtenant. Owners claim that, under the common law, they could not be liable to subtenant, and they

argue that there is nothing in the legislative history of the ORLTA that evidences a legislative intent to depart from or "abolish" the common law regarding subtenancies.

We are not persuaded by that argument. First, as explained above, it is not consistent with the text of the statute. Rather, the statutory definition of "landlord" is broad: it includes the "owner, lessor or sublessor of the dwelling unit." ORS 90.100(25). Under that broad definition and inclusive use of "or," both the owner and a sublessor can be landlords, supporting the conclusion that a subtenant can recover statutory damages from both or either of them when the sublessor, for example, unlawfully excludes the subtenant from the premises. *See* ORS 90.375 (stating that "[i]f a landlord unlawfully removes or excludes the tenant from the premises," then the tenant may recover damages). Owners argue that there is an "absence of discussion" in the legislative history of an intent to depart from the common law regarding subtenancies, but silence in the legislative record is usually not reliable evidence of legislative intent. *Wyers v. American Medical Response Northwest, Inc.*, 360 Or 211, 226-27, 377 P3d 570 (2016).

Although the common law can provide context for interpreting statutes, to the extent that owners are correct that the statutory text deviates from the common law, the text controls. *See State v. Vanorden*, 324 Or App 489, 493, 526 P3d 824 (2023) (recognizing that "the text of the statute *** is paramount"); *see also Association of Unit Owners v. Dunning*, 187 Or App 595, 609 n 3, 69 P3d 788 (2003) (describing the canon of statutory construction that statutes in derogation of the common law must be strictly construed as "an anachronism reflecting a nineteenth century preference for case law over legislation, which the Supreme Court has stated 'is long overdue to be put to rest'" (quoting *Beaver v. Pelett*, 299 Or 664, 668-69, 705 P2d 1149 (1985))). The text provides that owners are landlords, and if the legislature did not intend for owners to be liable to subtenants for the actions of their tenants, then it, not this court, has the power to make appropriate amendments to the statute. *See, e.g.*, *State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996) (explaining that we are not free to rewrite a statute based

on conjecture that the legislature could not have intended a particular result).

In any event, in our view, the common law of sub-tenancies is not necessarily incompatible with subtenant's claims against owners in the present case. Subtenant did not pursue a common law conversion claim or seek to enforce the terms of his sublease with tenant against own-ers. If he did, then the lack of privity between subtenant and owners might be relevant. Instead, subtenant sought to recover damages from owners for tenant's violations of *statutory* provisions in the ORLTA, which creates "statu-tory liability," not liability under the common law. *Bellikka v. Green*, 306 Or 630, 634-35, 762 P2d 997 (1988). Under the circumstances of this case, where there were violations of provisions of the ORLTA by a party who qualifies under the statute as a landlord, then the broad definition of "land-lord" in ORS 90.100(25), which includes owners, supports subtenant's right to seek recovery of damages from those owners.

Indeed, ORS 90.125(1) expressly provides that the remedies under the ORLTA "shall be so administered that an aggrieved party may recover appropriate damages." That language "extend[s] the range of 'aggrieved parties' beyond the parties to the rental agreement." *Brewer*, 287 Or at 441; *see also Humbert*, 300 Or at 119 (stating that the ORLTA "extends the landlord's liability to others besides the tenant"). Given the broad definition of "landlord" in ORS 90.100(25), we conclude that owners could be liable to sub-tenant for tenant's violations of the ORLTA. The trial court did not err in so ruling.

Affirmed.